177 So.2d 723 (1965)
Frances O. WARRINER, Appellant,
v.
Alfred P. FERRARO, as Trustee and individually, et al., Appellees.
No. 64-846.
District Court of Appeal of Florida. Third District.
August 17, 1965.
Rehearing Denied September 3, 1965.
Frances O. Warriner, in pro. per.
Mitchell Goldman, Joseph Pardo, John H. Duhig, Miami, Shorenstein & Lewis and Arthur J. Berk, Miami Beach, for appellees.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
This is an appeal of an order dismissing plaintiff's cause with prejudice for failure to comply with a trial court order.
By order dated April 10, 1964, plaintiff was ordered to file and serve upon counsel for the defendants a list of the names and addresses of the witnesses to be called by her at the trial of the cause. The list was to be served on or before ten days prior to trial. Plaintiff failed to comply with the order, and, upon a motion filed under Rule 1.35(b) F.R.C.P., 30 F.S.A., she suffered the dismissal herein appealed.
Having reviewed the record and the briefs, and having heard the oral arguments we find no reversible error.
There is no questioning the proposition that a plaintiff who invokes a court's jurisdiction and seeks to avail himself of its powers and remedies does so with the understanding that he must abide by its lawful orders. The court has the inherent power to impose the sanction of dismissal for a failure to comply. Rashard v. Cappiali, Fla.App. 1965, 171 So.2d 581; Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 35 So.2d 564 (1948); Ray v. Williams, 55 Fla. 723, 46 So. 158 (1908); State ex rel. Dillman v. Tedder, 123 Fla. 188, 166 So. 590 (1936); see also Franklin Acceptance Corporation v. Superior Electrical Industries, Inc., Fla.App. 1964, 167 So.2d 116.
Whether or not to impose the sanction of dismissal is in large measure a discretionary matter with the trial judge, Rashard v. Cappiali, supra, and, in the instant case, no abuse of discretion has been *724 shown. In a lengthy complaint, as amended, plaintiff's action sounded against over seventy named defendants. The defendants justifiably sought and were granted the right by court order to know the names of the witnesses to be called against them. Plaintiff's reason for not furnishing the names was that it was an "oversight". That reason is not a valid reason so as to require overthrowing the discretionary action of the trial court.
Accordingly the order appealed is affirmed.
Affirmed.