375 So.2d 51 (1979)
Savarino RAMOS, Sr., Appellant,
v.
Jean Castleberry SANCHEZ, Appellee.
No. 79-397.
District Court of Appeal of Florida, Second District.
September 19, 1979.
John R. Snow, Fort Myers, for appellant.
Bruce D. Frankel of Goldberg, Rubinstein & Buckley, Fort Myers, for appellee.
BOARDMAN, Judge.
By this appeal appellant seeks review of an order of the trial court dismissing with prejudice an amended complaint for negligence because appellant was unable to provide certain information to appellee within the time ordered by the trial judge. We reverse.
The trial court in its order dismissing the cause made the following findings of fact:
1. The Plaintiff's Attorney, John R. Snow, telephoned the Defendant, JEAN CASTLEBERRY SANCHEZ, prior to filing suit.
2. The Plaintiff's Attorney, John R. Snow, misrepresented his identity to the Defendant at the time of instituting this telephone conversation.
3. The Plaintiff's Attorney taped his telephone conversation with the Defendant. This Court ordered the Plaintiff's Attorney to produce his tape recording on or before January 15, 1979. The plaintiff's Attorney has not produced this tape and cannot adequately account for its whereabouts.
We are well aware that the trial court does have the authority to dismiss a cause as a sanction for failure to comply with a court order or for violation of a discovery rule. Fla.R.Civ.P. 1.380(b)(2)(C); Warriner v. Ferraro, 177 So.2d 723 (Fla. 3d DCA 1965), cert. denied, 188 So.2d 319 (Fla. 1966), cert. denied, 385 U.S. 995, 87 S.Ct. 610, 17 L.Ed.2d 454 (1966). Obviously, dismissal of a cause in the preliminary stages of the proceedings is both a harsh and extreme sanction and consequently should be resorted to only when a lesser sanction would not suffice. This is particularly so when the noncompliance or failure is entirely the result of the attorney's conduct, as here, and not the result of any conduct on the part of the litigant. Travelers Ins. Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978); W.G.C., Inc. v. The Man Co., 360 So.2d 1152 (Fla. 3d DCA 1978).
We hold that under the circumstances of this case the dismissal of the cause *52 with prejudice was too severe a sanction to impose against appellant and that a less severe sanction would more appropriately serve the ends of justice. True, the attorney for appellant failed to produce the tape in question claiming he was unable to locate it. However, the court did not find that the attorney was in willful noncompliance. In the case of Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1971), the Fourth District Court of Appeal held:
We deem it important to note that the order of dismissal in this case did not contain any finding by the trial court that the plaintiff's failure to fully comply with the order to produce was due to a refusal to do so. Instead, the court merely found that the plaintiff had shown an insufficient excuse for her failure to comply a distinction which we feel to be significant... . Since the trial court did not expressly find, and the record does not conclusively reveal, that the plaintiff's failure to produce was a refusal to obey, we hold that the court abused its discretion in dismissing the complaint with prejudice.
242 So.2d at 753.
We reverse, but leave for the trial court's decision the question of what lesser sanction should be imposed which would accomplish the desired result. Likewise, we do not address what disciplinary action, if any, should be initiated against appellant's attorney for the alleged misconduct in connection with the telephone conversation with appellee. Finally, our decision should not be regarded as precluding the trial court from reconsidering appellee's motion to dismiss for failure to state a cause of action, which it originally ruled was moot.
REVERSED and REMANDED for further proceedings consistent with this opinion.
GRIMES, C.J., and SCHEB, J., concur.