397 So.2d 1182 (1981)
Efstathios J. CATOGAS, Appellant,
v.
Frank SAPP and Edwin Sapp, Appellees.
No. 80-1432.
District Court of Appeal of Florida, Third District.
May 5, 1981.
Pertnoy & Greenberg and Stuart H. Sobel, Miami, for appellant.
Ezzo, Garel & Saylor and Bruce A. Saylor, Miami, for appellees.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
Efstathios Catogas, plaintiff below, appeals from a court order dismissing his complaint without prejudice. Appellate jurisdiction is pursuant to Florida Rules of Appellate Procedure 9.030(b)(1)(A) and 9.110. We reverse.
*1183 Following the announcement that both parties were ready for trial, the trial court ordered attorneys for both sides to appear on Monday, June 9, 1980 at 9:00 a.m. prepared for trial. Late in the afternoon, on Friday, June 6, 1980, the attorney for Catogas checked with the secretary of the trial judge and learned that his case still stood at number four on the trial calendar. Believing that his case would not be called for trial before midmorning, counsel for Catogas attended a 9:00 a.m. hearing in criminal court. When he appeared before the trial court by 10:00 a.m., he was advised by the court that he should appear promptly with his client to proceed to trial, or that the case would be dismissed for failing to prosecute. Counsel for Catogas advised the court he would then take a voluntary dismissal. The next day, counsel for Catogas appeared before the court intending to seek a continuance and argue in favor of permitting the case to go to trial either then or on a subsequent calendar. Because Catogas was not present at that moment, the case was not allowed to proceed. Catogas did not file a voluntary dismissal as he indicated he would. On July 12, 1980, the court ordered the case dismissed for failure of the plaintiff to appear for trial.
Where the record is devoid of evidence reflecting a willful or flagrant disregard for the court's authority, dismissing a plaintiff's complaint without prejudice for failure of counsel to appear on time for trial is too severe a sanction to visit upon a litigant. Aller v. Editorial Planeta, S.A., 389 So.2d 321 (Fla. 3d DCA 1980). For derelictions of this nature, the court is empowered to discipline the offending attorney by contempt or other appropriate punishment. Aller, supra.
Reversed.