407 So.2d 954 (1981)
Larry WATSON and Bunice Watson, Appellants,
v.
Irving PESKOE, Appellee.
No. 81-611.
District Court of Appeal of Florida, Third District.
December 8, 1981.
Rehearing Denied January 12, 1982.
Michael R. Fishman, Miami, for appellants.
*955 Irving Peskoe, Homestead, in pro. per.
Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiffs Larry Watson and his wife Bunice Watson appeal from a final judgment dismissing their complaint for willful failure to comply with an order of the court requiring the production of certain documents. The sole issue on this appeal is whether the trial court abused its discretion in striking plaintiffs' pleadings and dismissing the complaint with prejudice.
On November 15, 1979, plaintiffs/appellants commenced this action against appellee-seller for specific performance of a contract to sell property. After the contract had been executed between appellee as seller and appellants as well as Robert and Sharon Martin as joint purchasers, the purchasers were permitted to take possession awaiting a closing. As a condition of preclosing possession, plaintiffs were to maintain the property and pay taxes until the closing date which would be within sixty days. By terms of the contract the purchasers were to make a deposit of $625.00 with the seller to hold a fifteen-year purchase money mortgage. Appellee-seller defended on the grounds that (1) though the contract called for a closing to take place within sixty days the appellants were still in possession fourteen months later with no date set for closing, (2) the appellants had unilaterally altered the contract to exclude the Martins as joint purchasers, the effect of which was to nullify the contract.
During the month of August, 1980 the court granted appellee leave to file an amended answer and counter-claim. In the answer and counter-claim defendant alleged that plaintiffs had retained possession of the premises over defendants' objections for eighteen months without properly maintaining the property and without paying rent or taxes. It further alleged that plaintiffs had been illegally operating a business out of the residential property.
On November 21, 1980, appellee served a "Notice of Taking Deposition Duces Tecum" on plaintiffs. The plaintiffs appeared for deposition on December 9, 1980 but refused to produce the requested documents. By motion filed December 17, 1980 appellees sought "appropriate relief for refusal of plaintiffs to make discovery" asserting that on three separate occasions spanning seven months there was a refusal to make unequivocal admissions, a single refusal to produce documents, and a refusal to answer questions at a deposition. On December 23, 1980 the court interpreted the notice for deposition duces tecum as a notice to produce and held that appellee was entitled to the documents. It further ordered that they be produced by 5:00 p.m. on January 2, 1981. Appellants subsequently filed a formal response to the request for production asserting that all the documents sought were "irrelevant, immaterial, inadmissible as evidence at trial, and not reasonably calculated to lead to admissible evidence."
On appellants' notice that the case was ready for trial, the court set trial for the week of March 30, 1981. Appellee filed a sworn motion on January 5, 1981 again seeking sanctions against appellants for failure to produce documents which were the subject of the earlier court ruling. In the motion it was alleged that appellants, members of the armed forces, had acknowledged in a December 15, 1980 deposition that they would be physically moving outside of the United States before the end of the year and that they had no documents to produce. It also averred that the appellants continued to forcibly retain appellee's property, using the single family residence for commercial storage.
Appellee's second motion for sanctions was set for January 16, 1981 but continued to January 19, 1981 on motion of appellants. The court heard the motion and appellants' renewed objections. The objections were again overruled and appellants instructed to produce the documents by February 9, 1981. On February 6, 1981 appellants filed a motion for extension of time of one month to comply and set the motion for hearing on February 24, 1981. On February *956 19, 1981 the court heard appellee's third motion for sanctions against appellants for failure to produce and on February 20, 1981 entered its order striking appellants' pleadings and entering judgment for appellee on a finding that appellants' failure to comply with its orders to produce was willful.
Appellants contend that an order striking pleadings pursuant to Rule 1.380(b)(2)(C), Florida Rules of Civil Procedure is a harsh remedy to be applied only where willful noncompliance with the court's order is shown by the record and that there is nothing in this record to substantiate such a finding.
We agree that the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances. Hart v. Weaver, 364 So.2d 524 (Fla.2d DCA 1978). A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970), as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness, Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971).
The cases affirming the striking of pleadings as a sanction are few. But each case must be evaluated on its own facts and in some cases such sanctions have been justified. Luca v. Largo Diversified, Inc., 396 So.2d 1228 (Fla.2d DCA 1981) (defendant failed three times to appear for deposition); Pinakatt v. Mercy Hospital, Inc., 394 So.2d 441 (Fla.3d DCA 1981) (plaintiff failed to comply with discovery order requiring her to disclose names of present and former employers); Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980) (defendant for six months totally failed to comply with discovery order); E.Z.E., Inc. v. Little River Bank & Trust Co., 300 So.2d 43 (Fla. 4th DCA 1974) (defendant unreasonably delayed answering interrogatories for eight months and then failed to abide by stipulation providing that interrogatories would be answered by certain date); Riley v. Gustinger, 235 So.2d 364 (Fla.3d DCA 1970) (defendant failed to file answers after two extensions and additional ten-day extension); Warriner v. Ferraro, 177 So.2d 723 (Fla.3d DCA 1965), cert. denied, 188 So.2d 319 (Fla. 1966), cert. denied, 385 U.S. 995, 87 S.Ct. 610, 17 L.Ed.2d 454 (1966) (plaintiff, claiming oversight, failed to comply with order to furnish defendants the names of witnesses to be called against defendants).
Whether to impose the sanction of dismissal is within the sound discretion of the trial court. W.G.C., Inc. v. The Man Co., 360 So.2d 1152 (Fla.3d DCA 1978). The exercise of this discretion will not be disturbed absent a clear showing of abuse. Harless v. Kuhn, 403 So.2d 423 (Fla. 1981); Hart v. Weaver, supra. Having examined the record and the briefs we find no abuse of discretion.
Affirmed.