410 So.2d 978 (1982)
Margaret JOHNSON, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 81-975.
District Court of Appeal of Florida, Fifth District.
March 10, 1982.
*979 Edward A. Nagel, Winter Park, for appellant.
Reinald Werrenrath, III, of Akerman, Senterfitt & Eidson, Orlando, for appellee.
ORFINGER, Judge.
Appellant, plaintiff below, appeals a final order dismissing her action for failure to comply with an order of court. We affirm.
Appellant had filed suit against her own insurance carrier seeking benefits for loss of earning capacity resulting from an automobile accident. The carrier had paid other benefits, but had denied that there had been a loss of earning capacity.
As the matter proceeded, appellee propounded written interrogatories to appellant, among which was one requesting information as to the method by which appellant calculated her loss of earning capacity. Dissatisfied with the response which it considered incomplete and evasive, appellee moved for an order to require a better answer, which motion was granted. Appellant then responded in a manner which appellee deemed to be not in compliance with the original order and filed a second motion to compel a better answer. After hearing, a second order was entered requiring an additional answer to the interrogatory, outlining the court's interpretation of the applicable statute, section 627.736(1)(b), Florida Statutes (1979), as it related to loss of earning capacity. This second order required appellant to state, within thirty days, the dollar amounts claimed and the method of calculation of earning capacity to the date of the answer.
When no response was forthcoming, appellee again moved for sanctions, and after hearing, the court denied the motion for sanctions, but again ordered a response to the interrogatory within thirty days, this time stating that the action would be dismissed upon failure to respond. When there was again no response to the third order within the time specified, the order of dismissal was entered.
Appellant seeks reversal by arguing that the trial court misconstrued the meaning and intent of the statute under which recovery was sought, but that argument completely misses the point of what is involved here. This action was dismissed not because of the court's interpretation of the statute, but because appellant completely ignored two valid orders of the court requiring a response to an interrogatory. Appellant says that she answered the question the best way she could, which may or may not be so, but this does not condone completely ignoring two court orders requiring that she do something more.
If a party fails to properly serve answers or objections to interrogatories, the trial court may enter an order to compel discovery. Fla.R.Civ.P. 1.380(a)(1) and (2). If the party does not comply with the order, the court may then impose sanctions, one of which is dismissal of the action. Fla.R. Civ.P. 1.380(b)(2)(c) and 1.380(d). Appellant says that the penalty here is too harsh *980 because there is no showing that the refusal to comply was wilful. See Ramos v. Sanchez, 375 So.2d 51 (Fla.2d DCA 1979). Appellant did not respond to the second order, and despite a motion for sanctions by appellee, the court gave appellant another opportunity, and entered a third order requiring a response within thirty days, or else the complaint would be dismissed. Appellant still did nothing. Certainly, the trial court had the right to interpret this last failure to reply as wilful and intentional.
A party may not ignore a valid order of court except at its peril. There are avenues of redress by appellate review for orders which may be erroneous, but so long as such orders are entered by a court which has jurisdiction of both the subject matter and the parties, they cannot be completely ignored without running the risk that an appropriate sanction may be imposed. The court had the discretion to dismiss the action under the circumstances shown here, and we cannot say that such discretion was abused.
AFFIRMED.
COBB and COWART, JJ., concur.