415 So.2d 30 (1982)
A.H. ROBINS COMPANY, INC., Appellant,
v.
Marjorie DEVEREAUX and Jack Devereaux, Appellees.
No. 81-2481.
District Court of Appeal of Florida, Third District.
April 13, 1982.
Rehearing Denied June 30, 1982.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble and James C. Blecke, Miami, for appellant.
Sibley, Giblin, Levenson & Glaser and Marion E. Sibley, Miami Beach, Herskowitz & Grossman, Miami, for appellees.
Before HUBBART, C.J., and FERGUSON, J. and MELVIN, WOODROW M. (Ret.), Associate Judge.
*31 MELVIN, WOODROW M. (Ret.), Associate Judge.
Appellant seeks reversal of the trial court's order striking its defenses and directing that trial proceed on issue of damages only. The parties will be referred to herein as they appeared in the trial court.
Marjorie Devereaux and her husband, Jack Devereaux, brought suit against A.H. Robins Company, Inc., claiming compensatory and punitive damages for alleged negligence, liability, breach of contract, and conspiracy in the testing, manufacturing, sale and distribution of the Dalkon Shield, an intra-uterine contraceptive device. The Defendant answered the complaint April 28, 1981, and the case was set for a two-week jury trial to begin January 18, 1982. A pretrial conference was scheduled for December 14, 1981, with discovery to terminate on that date.
On June 4, 1981, Plaintiff propounded interrogatories to the Defendant which were not answered in due season, and, on July 17, 1981, the Plaintiffs moved the Court to compel the Defendant to answer. This motion was set for hearing before the Court for August 11, 1981. In lieu of the hearing, there was an agreed order entered requiring the Defendant to answer the interrogatories with service on counsel to occur on or before September 1, 1981. This order was entered August 10, 1981.
The Defendant, having failed to answer the interrogatories as required by the agreed order, Plaintiffs on September 17, 1981, moved a second time to compel answers to the interrogatories, and that matter was set for hearing on September 24, 1981.
Thereafter, the Defendant untimely answered some of the interrogatories on September 17, 1981, and raised objections to answering certain of the remaining interrogatories. Thereafter, the Plaintiffs moved to compel the Defendant to answer, and this motion was set for hearing for September 24, 1981.
Again, the trial court entered an order of date September 28, 1981, requiring Defendant to answer those interrogatories to which objection had been presented, and required Defendant to comply with the Court's order by October 9, 1981. Defendant then filed supplemental answer.
On October 15, 1981, the Plaintiffs moved to strike defenses presented by the Defendant and, in the alternative, to compel more complete answers to interrogatories. This motion came on to be heard October 22, 1981.
We note here that the Defendant, because of the multitude of litigation concerning the product, had national counsel located in Virginia, who supervised its defense to all litigation in the nation. Trial counsel, as in the case here, would be employed for a particular case. Detailed information as to any subject pertinent to the interrogatories was in the file of the national counsel, and trial counsel was dependent upon that source for requested information.
The Court granted the motion to strike defenses. The record reveals the following to have transpired at the hearing:
"THE COURT: ... The matter has been set for a pre-trial conference, when?
MR. GROSSMAN: December 18th, I believe, judge.
THE COURT: December 18th?
MR. GROSSMAN: Somewhere like that, around that time. I believe we have a trial date for January.
THE COURT: Of January. I'm going to grant the motion for sanctions, strike the pleadings, enter a default against the defendant and try it on damages"
And, further:
"THE COURT: These people have not complied with discovery. They have not complied with two court orders and I just don't have time for it.
MR. HOEY: I thought that we were in good faith in supplying this information, I really do, in answer to those questions.
THE COURT: Counsel, after not answering the interrogatories for sixty days, it would appear, and in two court orders, and in looking for it to provide the answers that have still not been provided, *32 three court orders to do the same thing, I don't go with it." (Emphasis supplied.)
The Defendant thereafter filed a motion for reconsideration which the Court on November 12, 1981, heard and thereafter entered an order denying the motion. At the motion hearing the record reveals that the trial court had reviewed the file, heard and considered argument of counsel including Virginia counsel. The record then reveals the following observations by the trial court:
"THE COURT: I understand what you are saying. I guess what is in my mind is how many times does the Court have to order the same thing done before it is adhered to. Once ought to be enough... ."
And further:
"(THE COURT:) ... I reviewed the record again and, I believe, that the questions asked, particularly with regards to the expert witnesses are indeed material. This matter is set by the pre-trial conference for I think  the pre-trial conference was set in this matter for December 14th, 1981, at 9:30. Discovery to be terminated as of that date. That's about three or four weeks hence.
The defendant at this time (has) submitted what appears to be answers to interrogatories which, I guess, are about six months late.
Counsel, you tell me are you able to pursue discovery in light of the answers to interrogatories, and still keep the same trial date?
MR. GROSSMAN: Absolutely not."
And further:
"THE COURT: ... I am going to deny the motion for re-hearing. I find that the questions were material. I find that they could have been answered and after two Court orders, I don't see how a trial judge can administer a case if the orders of Court are not complied with and my ruling stands. The motion is denied." (Emphasis supplied.)
It is noted that when Defendant's motion for reconsideration was presented on November 12, it tendered answers to the interrogatories objected to, even though at the October 22, 1981, hearing the Defendant strongly contended that it was without the ability to procure such answers.
The Rules of Civil Procedure are designed to promote the orderly movement of litigation. The obvious result of the maneuvering by the Defendant to evade answering material interrogatories until the latest possible date was the necessity to postpone the pre-trial conference and the trial which had already been scheduled on the court's calendar for an estimated time of two weeks.
The trial court found, based upon ample evidence, that A.H. Robins Company, Inc. was in effect playing games with the court and with the applicable Rules of Procedure. The docket of the Court was frustrated, judicial time wasted for no reason. Good faith was absent.
We realize that in a situation where a company transacting business on a national basis is faced with a multitude of litigation, there is need to have national counsel and such trial counsel for individual cases as it may wish. However, information may not be withheld from trial counsel that is relevant to giving timely answers to material interrogatories and then evade sanction penalty by claiming a lack of communication.
The trial court has by its order declined to be the victim of any such shell game tactics. This court in the recent case of Watson v. Peskoe, 407 So.2d 954 at 956 (Fla 3rd DCA 1982) and cases therein cited, held that whether to impose the sanction complained of is within the sound discretion of the trial court, and that such exercise of discretion will not be disturbed in the absence of a clear showing of abuse. The only abuse that appears from this record is the abuse inflicted by the Defendant upon the trial court, the Plaintiffs, and the applicable Rules of Civil Procedure.
The trial court did not abuse its discretion by entering the order appealed from, and such order is hereby AFFIRMED.
FERGUSON, Judge (dissenting).
This appeal is from an order striking defensive pleadings for failure to timely comply *33 with an order to supply answers to certain interrogatories.
Devereaux sued A.H. Robins Company, Inc. for compensatory and punitive damages for alleged negligence, strict liability, warranty and conspiracy in the testing, manufacture, sale and distribution of the Dalkon Shield, an intrauterine contraceptive device. Affidavits established that the law firm of Blackwell, Walker, Gray, Powers, Flick & Hoehl acted as local counsel for Robins in the Dalkon Shield intrauterine device litigation. The Richmond, Virginia law firm of McGuire, Woods & Battle served as national lead counsel for all Dalkon Shield litigation. McGuire, Woods & Battle was responsible for coordinating all the pleadings and all the discovery in all Dalkon Shield cases, including the answering of all complaints, answering interrogatories, coordinating depositions, and responding to requests for admissions.
On June 4, 1981, Devereaux propounded some sixty-seven interrogatories, many containing sub-parts, to Robins. On July 17, 1981, Devereaux moved to compel answers to the interrogatories and on August 10, 1981, an agreed order was entered providing that Robins would have until September 1, 1981 within which to file answers to the interrogatories.
Answers to the interrogatories were served on September 17, 1981. Of the sixty-seven interrogatories, five were objected to as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Robins also contended that answering the five interrogatories would impose an undue and oppressive burden. Upon receipt of the answers to the interrogatories, Devereaux moved to compel better answers. The motion was argued on September 24, 1981 and the trial judge held that the objections were untimely and had therefore been waived. The five interrogatories sought information on all other claims or suits against Robins arising out of the manufacture and sale of the Dalkon Shield. On October 7, 1981, Robins filed supplemental answers to the interrogatories in the form of a computer printout compiling thousands of claims and suits brought against Robins arising out of the manufacture and sale of the device. The computer printout was provided to counsel for Devereaux.
On October 15, 1981 Devereaux filed a motion to strike defenses and/or compel better answers to interrogatories. The motion was scheduled for hearing on October 22, 1981. At the hearing on the motion it was brought to the court's attention that the computer printout provided the information requested in part but did not provide all of the detailed information requested such as the dollar amount of each out-of-court settlement. The trial judge granted the motion for sanctions, struck Robins' pleadings and entered a default with trial to be held on damages alone. Robins also contends that the first time that local counsel realized that the computer printout was not responsive to certain subsections of the interrogatories was at the October 22, 1981 hearing where the court struck the defensive pleadings.
Robins filed a motion for reconsideration which was heard on November 12, 1981. Affidavits filed in support of the motion were served to explain the reason for delay in providing the requested information. Also, all the information which was subject of the discovery was provided in updated form. The motion was denied.
I believe this case to be controlled by this court's opinion in Beaver Crane Service, Inc. v. National Surety Corp., 373 So.2d 88 (Fla. 3d DCA 1979), where it was held that it was an abuse of discretion to dismiss a complaint with prejudice for non-compliance with a court order requiring plaintiff to supply proper and complete answers to interrogatories which had been propounded in the course of extensive discovery proceedings where defendants had not demonstrated that they were prejudiced in any meaningful way by plaintiff's tardiness. See, e.g., Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980); Zayres Department Stores v. Fingerhut, 383 So.2d 262 (Fla. 3d DCA 1980). The record does not show a willful disregard of the court's order and neither is there any demonstration *34 that the plaintiffs were prejudiced in any way by the plaintiffs' tardiness since trial of the cause was some three months away.
The striking of pleadings and entering of judgment of liability on non-compliance with an order compelling discovery is the most severe of all sanctions and should be employed only in extreme circumstances. Watson v. Peskoe, 407 So.2d 954 (Fla. 3d DCA 1982); Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978). See also Ramos v. Sanchez, 375 So.2d 51 (Fla. 2d DCA 1979), where it was held that dismissal as a sanction for failure to comply with a court order for discovery is both harsh and extreme and should not be resorted to where a lesser sanction would suffice, particularly when non-compliance or violation is entirely the result of an attorney's conduct and not the result of any conduct of the litigant. Where there is a delay in compliance with a discovery order which delay does not justify imposition of the most extreme of sanctions, as in this case, an appropriate sanction would be the imposition of costs or attorney's fees or other damages to the opposite party. Catogas v. Sapp, 397 So.2d 1182 (Fla. 3d DCA 1981), Beaver Crane Service, Inc. v. National Surety Corp., supra; Ramos v. Sanchez, supra.