PER CURIAM.
The trial court struck pleadings and entered a default judgment against both appellants after appellant Henry A. Knott Company failed to comply with discovery orders. We find no merit in the claim that this action was an abuse of discretion as it affects appellant Knott. Watson v. Peskoe, 407 So.2d 954, 956 (Fla. 3d DCA 1982). Although the sanctions imposed in this case should normally be employed only in extreme circumstances, Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978), the evidence below supports a finding of an “aggravated case of disobedience” which justifies the order entered here. Travelers Insurance Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978); see also Luca v. Largo Diversified, Inc., 396 So.2d 1228 (Fla. 2d DCA 1981); Watson.
On the other hand, we reverse the order as it affects appellant United Pacific Insurance Company since the interrogatories were propounded only to and all motions were filed only against appellant Knott. Florida Rule of Civil Procedure 1.380(b)(2)(C) only permits the court to enter the above sanctions against the disobedient party. Any noncompliance by Knott is not chargeable to appellant United Pacific. Leatherby Insurance Co. v. Jones, 332 So.2d 139 (Fla. 3d DCA 1976).
We therefore AFFIRM the default judgment entered against appellant Henry A. Knott Company, but the defaulted judgment against United Pacific Insurance Company is VACATED AND SET ASIDE for the reasons herein expressed. The matter is REMANDED to the trial court for further proceedings consistent with this opinion.
OTT, C.J., and DANAHY and CAMPBELL, JJ., concur.