PER CURIAM.
The order of the court dismissing plaintiff’s complaint with prejudice for failure to comply with an order of discovery was warranted where it was demonstrated that plaintiff had failed to use every available means to produce the original note sued upon after a passage of more than ample time to comply. The sanction of dismissal on this record, which shows that the failure to comply was a calculated act of bad faith,[1] see A.H. Robins Co., Inc. v. Devereaux, 415 So.2d 30 (Fla. 3d DCA 1982), rev. denied, 426 So.2d 25 (Fla.1983); Watson v. Peskoe, 407 So.2d 954 (Fla. 3d DCA 1981); Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971), was not an abuse of discretion.
However, in affirming the dismissal of the action we vacate its dismissal as to Miguel Recarey, Jr. and Olga Recarey who were not named defendants and were not properly before the court as parties.
The dismissal as it relates to Miguel Re-carey, Jr. and Olga Recarey is VACATED; in all other respects the order of dismissal is AFFIRMED.

. Appellant commenced this action to foreclose on a mortgage. The record reflects that prior to this action the mortgage had been assigned to the Bank of Miami, which had assigned it to Latin American Development Bank & Trust Co., Ltd. Latin American Bank & Trust had also brought an action, then pending before the same judge, to foreclose the same mortgage. Appellees have not challenged the right of the assignee Latin American Bank & Trust to sue on the instrument but do challenge the right of appellant-assignor to maintain this separate action on the same instrument. Only one action can be maintained and in the absence of a reassignment of the mortgage to appellant, or knowledge and consent by the assignee of the appellant’s action (which is not yet determined), it is only assignee Latin American Bank & Trust, and not the appellant, which can maintain the action. See Laing v. Gainey Builders, Inc., 184 So.2d 897 (Fla. 1st DCA 1966). The court understandably wished to avoid two separate full-blown trials. Production of the original note was relevant and material to the appellees’ pending motion to dismiss on the ground that appellant was not the real party in interest.