501 So.2d 639 (1986)
Michelle FREEMAN and Michael Freeman, Her Husband, Appellants,
v.
HUMANA, INC., D/B/a Biscayne Medical Center, Drs. Josell & Teperson, P.A., David Teperson, M.D., Paul Hinenburg, M.D., Alan Lichstrahl, M.D., Donald D. Sheffel, M.D., Donald Guilianti, M.D., D/B/a Neurosurgical Consultants, Robert Goodkin, M.D., and South Broward Hospital District Physicians Professional Liability Insurance Trust, Appellees.
No. 86-775.
District Court of Appeal of Florida, Third District.
December 23, 1986.
Rehearing Denied February 18, 1987.
Louis J. Weinstein and Mark Levine, Hollywood, for appellants.
Schwartz, Steinhardt, Weiss & Weinstein and Alan Silverstein, North Miami Beach, for appellees.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
This appeal is brought from an order entered on a motion for sanctions which dismissed a medical malpractice action for failure to obey discovery orders.
Appellants' counsel, the ninth in a series of attorneys or law firms whose services were sought by appellants in the course of this malpractice action, makes a spirited entreaty that the failure of his clients to comply with the court's orders was not willful or contumacious such as would warrant the drastic action of dismissal. We have examined the record and find competent and substantial evidence to support the trial court's judgment.
Plaintiffs/appellants instituted the instant action in May 1982. The trial court granted summary judgment for all defendants except Humana, Inc. in June 1983. The summary judgment was set aside on September 12, 1983 to allow plaintiffs further discovery. On October 31, 1983, the defendants filed a motion to compel plaintiffs to answer interrogatories and to produce documents. The court granted the motion, giving plaintiffs twenty days to comply. On June 17, 1985, the defendants requested that certain notebooks be produced. On October 14, 1985, defendants filed a motion to compel production of the notebooks. The motion was granted on December 17, and plaintiffs were given twenty days to comply with the order. In addition, on November 6, 1985, the court entered an order compelling plaintiff Michelle Freeman to answer expert witness interrogatories propounded by defendants; she failed to answer the interrogatories.
On December 9, defendant Humana filed a motion for sanctions and attorney's fees. The other named defendants had previously filed two motions to compel and for sanctions for plaintiffs' failure to comply with the court's discovery orders. Thus, beginning in October 1983 and continuing through January 1986, there were four orders *640 on discovery motions, directed to plaintiffs, of which they had notice, and none of which had been complied with by January 7, 1986, when the case was finally dismissed. The patient, but by now exasperated, trial court justifiably brought an end to the proceedings. See A.H. Robins Co. v. Devereaux, 415 So.2d 30 (Fla. 3d DCA 1982) review denied, 426 So.2d 25 (Fla. 1983); Watson v. Peskoe, 407 So.2d 954 (Fla. 3d DCA 1982).
Affirmed.