PER CURIAM.
The plaintiff in a wrongful death action appeals from the dismissal of her complaint without prejudice[1] because of the failure to *1172 make timely and appropriate discovery as required by the rules and prior order of court. Notwithstanding the often-expressed view of this court, to which we adhere, that such a remedy is not lightly to be invoked or approved, Velazquez v. Gaitan, 499 So.2d 66 (Fla. 3d DCA 1986); Smalley v. Layne, 428 So.2d 298 (Fla. 3d DCA 1983); Summit Chase Condominium Ass’n v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA 1982); see Wallraff v. T.G.I. Friday’s, Inc., 490 So.2d 50 (Fla.1986), we cannot interfere with the trial court’s discretionary determination that the deliberateness and inexcusability of the appellant’s discovery violations justified the sanction imposed. See Wallraff, 490 So.2d at 50; Mercer v. Raine, 443 So.2d 944 (Fla.1983); Farish v. Lum's, Inc., 267 So.2d 325 (Fla.1972); Freeman v. Humana, Inc., 501 So.2d 639 (Fla. 3d DCA 1986); A.H. Robins Co. v. Devereaux, 415 So.2d 30 (Fla. 3d DCA 1982), pet. for review denied, 426 So.2d 25 (Fla.1983); Watson v. Peskoe, 407 So.2d 954 (Fla. 3d DCA 1981).
Affirmed.

. The order was fatal to the claim because the statute of limitations had expired.