PER CURIAM.
This is an appeal by the defendant HZJ, Inc. from a trial court order dismissing its counterclaim and striking its answer and affirmative defenses. We treat the appeal as one taken from (1) an appealable final *1089 order as to the counterclaim dismissal, and (2) an appealable interlocutory order under Fla.R.App.P. 9.130(a)(3)(C)(iv) as to the striking of the answer and affirmative defenses. We affirm.
The stated basis for the trial court’s order was as follows:
“Based upon the foregoing findings of fact and statements as to the Court files and records, the Court concludes that:
a. Defendant/Counterclaimant, HZJ, INC., has willfully disregarded the sanctity of Florida Statutes and Florida Rules of Civil Procedure and has acted in deliberate and contumacious disregard of the Court’s authority by thwarting the discovery process and this Court’s Orders requiring the production of documentation and witnesses in this cause.
b. The repeated Orders of this Court which withheld the imposition of sanctions on Defendant HZJ, INC., which permitted Plaintiff to move for the imposition of sanctions, which would include the striking of pleadings, based upon the failure and refusal and callous disregard of Defendant in complying with said Orders, justifies the imposition of sanctions at this time as requested by Plaintiff.
c. Defendant has embarked upon and travelled down a path of intentional delay and abuse of the judicial system in clear violation of Florida Rules of Civil Procedure and in particular this Court’s Orders as set forth in the findings of fact. Striking the pleadings and Dismissing the Counterclaim of Defendant/Counterclaimant, pursuant to Fla.R. Civ.P. 1.380(b)(2)(C) is an appropriate response by this Court to the intentional delay and abuse of the system for the willful refusal to comply with the Orders pertaining to discovery in this cause.”
R. 248-49.
The defendant HZJ, Inc. urges that the trial court abused its discretion in entering this order because it was punished too severely for matters beyond its control. We cannot agree. The trial court’s order sets out a detailed course of conduct by the defendant which fully supports the trial court’s conclusions. Plainly, the defendant
engaged in bad faith “games playing” with the court and opposing counsel in delaying and thwarting the orderly process of discovery in this cause. The sanctions complained of were imposed after fair warning to the defendant and were fully justified in this record. Mercer v. Raine, 443 So.2d 944 (Fla.1983); A.H. Robins Co. v. Dever-ecmx, 415 So.2d 30 (Fla. 3d DCA 1982), pet. for review denied, 426 So.2d 25 (Fla.1983); Johnson v. Allstate Ins. Co., 410 So.2d 978 (Fla. 5th DCA 1982); Watson v. Peskoe, 407 So.2d 954 (Fla. 3d DCA 1981).
Affirmed.