PER CURIAM.
Isabelle Dominguez seeks reversal of two orders: 1) the trial court’s order granting appellee Berkowitz’s motion to dismiss her complaint for failure to comply with a court order compelling discovery, and 2) the trial court’s order granting appellee Wolfe’s motion to enforce a settlement agreement. We affirm both orders.
First, we address appellant’s contention that the trial court abused its discretion in dismissing her complaint for failure to comply with an order requiring disclosure of expert witnesses. She maintains that the record shows no evidence of willfulness or bad faith. We have examined the record and find competent and substantial evidence to support the trial court’s order.
Appellant instituted suit on August 12, 1982, against Samuel Berkowitz, D.D.S., and Anthony Wolfe, M.D., alleging dental and medical malpractice. On March 6, 1987, after four and one-half years of litigation, the trial court set the cause for trial on August 10, 1987. The order setting trial contained the specific requirement that the parties furnish opposing counsel with the names of all witnesses not less than twenty days before trial. On May 5, appellee Wolfe filed a motion to amend the pretrial order asserting that it was impossible to complete discovery of expert witnesses within the allotted time. On May 5, the parties agreed to an order amending pretrial instructions to require all parties to exchange the names of expert witnesses no later than June 10, 1987. On June 17, 1987, the trial court determined that appel *1102 lant failed to comply with the order. In response to the court’s inquiry regarding appellant’s reason for failing to submit her list of experts, counsel indicated that appellant did not know whether she would be appealing the order enforcing a settlement agreement, and that she was not sure who the expert witnesses would be. Exasperated,[1] the court gave appellant five days to comply with the order; she did not comply. On July 9, 1987, the trial court granted appellee Berkowitz’s motion for dismissal. We find no basis for reversal under these circumstances. See Freeman v. Humana, Inc., 501 So.2d 639 (Fla. 3d DCA 1986), review denied, 511 So.2d 298 (Fla.1987); A.H. Robbins Co. v. Devereaux, 415 So.2d 30 (Fla. 3d DCA 1982), review denied, 426 So.2d 25 (Fla.1983); Watson v. Peskoe, 407 So.2d 954 (Fla. 3d DCA 1981).
Next, we address appellant’s contention that the trial court erred in granting appellee Wolfe’s motion to enforce a settlement agreement. She asserts that Wolfe failed to meet his burden of establishing her assent to the agreement. Appellant’s failure to provide a record of the proceedings precludes this court from reviewing the trial court’s determination of factual issues and evaluating whether the trial court’s decision is supported by the evidence. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). We find no merit in appellant’s argument that the trial court lacked authority to consider the deposition filed subsequent to its initial refusal to enforce the settlement. See Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934 (Fla. 4th DCA 1984); Margulies v. Levy, 439 So.2d 336 (Fla. 3d DCA 1983).
Affirmed.

. The trial judge said, “This is ridiculous, a 1982 case, you don’t know who your experts are."