546 So.2d 734 (1989)
R. Cristiana GOMEZ, Appellant,
v.
Jose R. PUJOLS, As Trustee, Appellee.
No. 89-322.
District Court of Appeal of Florida, Third District.
May 23, 1989.
Rehearing Denied August 9, 1989.
*735 Daniel P. Tunick, Miami, for appellant.
Robert J. Lewison, Miami, for appellee.
Before NESBITT, JORGENSON, and COPE, JJ.
PER CURIAM.
Cristiana Gomez appeals from a default judgment entered for her failure to comply with an order compelling her to answer interrogatories in a mortgage foreclosure. We affirm.
On June 3, 1988, Jose Pujols filed his complaint for foreclosure against Cristiana Gomez. Gomez answered on June 16, 1988, and raised various affirmative defenses. She alleged, inter alia, that Pujols was estopped from foreclosure because he had accepted payments due and that the mortgage "had been very recently brought current after payment of a heavy premium." On June 29, 1988, Pujols propounded interrogatories to Gomez. On September 22, 1988, Pujols moved to compel Gomez to answer those interrogatories. On October 11, 1988, the trial court ordered Gomez to answer the interrogatories by November 26, 1988. Despite this record activity and repeated requests by letter, telephone, and telegram from Pujols's lawyer to Gomez's lawyer, no answers were served. On December 14, 1988, Pujols moved to strike Gomez's answer and also moved for entry of a default on the grounds that Gomez had failed to answer the interrogatories. The trial court granted the motion on January 12, 1989. In its order, the trial court specifically found that, despite its order that Gomez answer the interrogatories and despite "additional opportunities" provided to Gomez to answer, Gomez failed to cooperate. Gomez's counsel moved to withdraw on January 10, 1989, citing his client's failure to cooperate. The trial court authorized Gomez's counsel to withdraw; however, he re-entered his appearance on February 8, 1989.
Pujols moved for summary judgment on January 18, 1989, and set the hearing for January 24. Trial on the foreclosure suit had been scheduled for the week of February 27, 1989. The trial court did not hear argument on the motion for summary judgment and stayed all proceedings pending this appeal. At oral argument before this court, counsel represented that Gomez still had not answered the interrogatories propounded on June 29, 1988.
The trial court did not abuse its discretion in entering a default in this action. A trial court may enter a default as a sanction against a party who has failed to comply with a discovery order. Fla.R.Civ.P. 1.380(b)(2)(C) and (d).
Entering a default for noncompliance with an order compelling discovery is "the most severe of all sanctions which should be employed only in extreme circumstances." Watson v. Peskoe, 407 So.2d 954, 956 (Fla.3d DCA 1981). However, "whether to impose the sanction of dismissal is within the sound discretion of the trial court. The exercise of this discretion will not be disturbed absent a clear showing of abuse." Id. (citations omitted).
The record shows that the trial court, counsel for Pujols, and Gomez's own lawyer offered Gomez many opportunities to answer the interrogatories. Gomez's failure to answer the interrogatories, compounded *736 by her failure to provide a reason for not answering, indicates willful and intentional disregard of the trial court order compelling discovery. Accordingly, the severe sanction of default was justified. See Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983) (where "there was no showing that the defendant either attempted to comply with the discovery order or communicated any explanation or excuse to the court by the time the plaintiff's motion was heard," conduct amounted to willful disregard of court order, and sanction of default judgment was proper).
Affirmed.