569 So.2d 1353 (1990)
DELTA INFORMATION SERVICES, INC., Appellant,
v.
JOSEPH R. JANNACH, M.D. & ASSOCIATES, Appellee.
Nos. 90-191, 90-340.
District Court of Appeal of Florida, Third District.
November 13, 1990.
*1354 Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.[1]
Concepcion, De Grandy & Sexton and Carlos Concepcion, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
BARKDULL, Judge.
The appellee medical group contracted with the appellant's predecessor for a computerized billing and collection service as related to its patients. The appellant undertook to perform these services from 1981 to 1984 when the contract was terminated by the medical group because the service was unsatisfactory.
The appellant commenced an action to recover its contract fee of 10% on the amounts collected, alleging that the contract was wrongfully terminated and that the medical group withheld funds from it. This complaint was met by an answer and compulsory counterclaim for an accounting of some $1,700,000 in allegedly missing collections, out of total billings in excess of $4,000,000. After the cause of action was at issue, the trial court severed the equity claim for accounting from the claims for damages and ordered that the accounting issues would be determined initially. Following a bench trial, the trial court ordered an accounting.[2]
In an attempt to achieve the accounting, the appellee sought certain discovery from the appellant relating to the various records of the accounts processed by the appellant. No discovery was forthcoming, notwithstanding at least five orders to comply with same, one of which was an agreed order regarding discovery.[3]
After the time to produce under the agreed order had expired, and no production was forthcoming, the matter came on for hearing upon a motion for sanctions, for failure to make discovery, whereupon the trial court entered an order granting an additional ten days for the appellant to comply with the order to account. Once again no discovery was forthcoming, and the matter recurred on another motion for sanctions, whereupon an order was entered dismissing the appellee's complaint, which order also found liability in favor of the appellee on the counterclaim. Subsequently, final judgment was entered reflecting these sanctions.[4]
*1355 These appeals ensued. One claimed error in the entry of the order on sanctions as to the appellant's complaint, and the other claimed error in the entry of the order finding liability in favor of the counter-plaintiff. Under the circumstances, we find no error in either order; the appellant having failed to satisfactorily explain why it did not comply with the requested discovery, why it failed to appear at a properly noticed hearing, and why it did not respond to discovery over a period of two and a half years, contrary to five orders requiring such. See Gomez v. Pujols, 546 So.2d 734 (Fla. 3d DCA 1989); Georges v. Insurance Technicians, Inc., 448 So.2d 1185 (Fla. 4th DCA 1984), and Akers v. Corbett, 138 Fla. 730, 190 So. 28 (1939); F.A. Chastain Construction, Inc. v. Pratt, 146 So.2d 910 (Fla. 3d DCA 1962); Cushman v. Schubert, 110 So.2d 703 (Fla. 2d DCA 1959).
Therefore, the orders under review be and the same are hereby affirmed.
NOTES
[1] It is noted that counsel for the appellant was not counsel for the plaintiff in the trial court at all times pertinent thereto.
[2] The appellant also raised a question as to the order for the accounting, but waived any complaint as to this order in its reply brief.
[3] "ORDERED and ADJUDGED that: Plaintiff/Counterdefendant, Delta Information Systems ("Delta") shall fully comply with the Final Judgment on Accounting within ten (10) days of November 14, 1989. If Delta fails to fully comply with the final judgment on Accounting within this time period, sanctions shall be entered against Delta for costs and attorneys fees incurred by Jannach in connection with its motion to compel and for sanctions heard on November 14, 1989 and any further motions necessitated by Delta's failure to comply with the Final Judgment on Accounting."
[4] The order as to the counterclaim also provided the following prohibition against using material that should have been discovered: "Delta shall not be allowed to introduce any evidence during the trial on damages which would otherwise have been disclosed to Jannach through an accounting as ordered by this Court in its Final Judgment on Accounting."