PER CURIAM.
Alfred Solano, Ramon Ruiz, Tammy Cabrera, Mercedes Cabrera, and Ramon Cabrera appeal orders dismissing their complaints. We reverse.
The trial court dismissed appellants’ complaints without prejudice as sanctions for discovery violations. Because the statute of limitations had run, the orders effect a dismissal with prejudice. Anthony v. Schmitt, 557 So.2d 656, 662 (Fla. 2d DCA), jurisdiction accepted, 568 So.2d 435 (Fla.1990); McMillian v. Department of Corrections, 506 So.2d 1171 n. 1 (Fla. 3d DCA 1987); cf. Sekot Laboratories, Inc. v. Gleason, 15 F.L.W. 1701, 1702 note * (Fla. 3d DCA 1990) (dismissal without prejudice before limitation period had run; “effect was not that of dismissal with prejudice.”). The record demonstrates that appellants’ actions do not warrant such a severe sanction. Appellants failed to answer timely propounded interrogatories pursuant to an agreed order. Appellee, City of Hialeah, however, has not shown that it was prejudiced as a result of appellants’ tardy compliance. Yanks v. Amerifirst Bank, 569 So.2d 496 (Fla. 3d DCA 1990). Therefore, we reverse the orders of dismissal as to City of Hialeah. On remand, the trial court may consider imposing lesser sanctions. Kleinschmidt v. Gator Office Supply & Furniture, Inc., 551 So.2d 515 (Fla. 3d DCA 1989), review denied, 560 So.2d 233 (Fla.1990).
We dismiss the appeal as to Metropolitan Dade County for lack of jurisdiction because appellants failed to file a timely notice of appeal. State ex rel. Cantera v. District Court of Appeal, Third Dist., 555 So.2d 360, 362 (Fla.1990); see Capital Bank v. Knuck, 537 So.2d 697 (Fla. 3d DCA 1989).
Reversed and remanded.