PER CURIAM.
Given (1) the undisputed showing in this record that plaintiff Scott G. Kranz willfully, deliberately, and flagrantly violated seven discovery orders for the production of documents entered by the trial court from April 1986 through January 1989; *669 and (2) the disputed, but nonetheless sufficient showing in this record that the defendants Alan B. Levan, et al., were irreparably prejudiced in the preparation of their defenses and counterclaims by virtue of the plaintiffs’ refusal to provide the discovery as ordered, we conclude that the trial court did not clearly abuse its discretion in striking the plaintiffs’ pleadings and in entering final judgment for the defendants on all claims asserted by the plaintiffs below. In particular, we conclude, inter alia, that (1) the plaintiffs never fully complied with all of the trial court’s discovery orders and withheld vital documents in the case; (2) the plaintiffs withheld for years other vital documents which, when finally produced, irreparably prejudiced the defendants from obtaining from third parties vital documents in the cause; (3) the irreparable prejudice suffered by the defendants went to both counts of plaintiffs’ complaint; and (4) the trial court’s order that the state attorney’s office investigate the plaintiffs’ outrageous conduct for possible criminal violations did not preclude the imposition of the default sanction against the plaintiffs for the discovery order violations in this case. Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983); Delta Info. Serv., Inc. v. Joseph R. Jannach, M.D. & Assoc., 569 So.2d 1353 (Fla.3d DCA 1990); Gomez v. Pujols, 546 So.2d 734 (Fla.3d DCA 1989); Dominguez v. Wolfe, 524 So.2d 1101 (Fla.3d DCA 1988); F. Food Co. v. Hart Properties, Inc., 515 So.2d 279 (Fla.3d DCA 1987), rev. denied, 523 So.2d 577 (Fla.1988); HZJ, Inc. v. Wysocki, 511 So.2d 1088 (Fla.3d DCA 1987); First Overseas Inv. Corp. v. Dantas, 509 So.2d 987 (Fla.3d DCA 1987); McMillian v. State, Dep’t of Corrections, 506 So.2d 1171 (Fla.3d DCA 1987); Far Out Music, Inc. v. Jordan, 502 So.2d 523 (Fla.3d DCA 1987); Freeman v. Humana, Inc., 501 So.2d 639 (Fla.3d DCA 1986), rev. denied, 511 So.2d 298 (Fla.1987); Cedars Assoc. v. E.R. Brownell & Assoc., Inc., 466 So.2d 1130 (Fla.3d DCA 1985); Morales v. Perez, 445 So.2d 393 (Fla.3d DCA 1984), cause dismissed, 453 So.2d 44 (Fla.1984); Costa Bella Dev. Corp. v. Costa Dev. Corp., 441 So.2d 1114 (Fla.3d DCA 1983); Agendas Marítimas Nicaragüenses, S.A. v. Usa-torres, 435 So.2d 247 (Fla.3d DCA 1983); A.H. Robins Co. v. Devereaux, 415 So.2d 30 (Fla.3d DCA 1982), cert. denied, 426 So.2d 25 (Fla.1983); European X-Ray Distrib. of Am., Inc. v. Saab-Scania Aktiebolag, 414 So.2d 4 (Fla.3d DCA 1982); Merrill Lynch Pierce Fenner & Smith Inc. v. Haydu, 413 So.2d 102 (Fla.3d DCA 1982); Watson v. Peskoe, 407 So.2d 954 (Fla.3d DCA 1981); American Fidelity Fire Ins. Co. v. Woody’s Elec. Serv., Inc., 407 So.2d 947 (Fla.3d DCA 1981); Pinakatt v. Mercy Hosp., Inc., 394 So.2d 441 (Fla.3d DCA 1981); Overseas Equip. Co. v. Aceros Arquitectonicos, 374 So.2d 537 (Fla.3d DCA 1979); City of Miami Beach v. Chadderton, 306 So.2d 558 (Fla.3d DCA 1975); Ganem v. Ganem De Issa, 269 So.2d 740 (Fla.3d DCA 1972), cert. denied, 277 So.2d 284 (Fla.1973), cert. denied, 414 U.S. 1113, 94 S.Ct. 844, 38 L.Ed.2d 740 (1973); Riley v. Gustinger, 235 So.2d 364 (Fla.3d DCA 1970); Warriner v. Ferraro, 177 So.2d 723 (Fla.3d DCA 1965), cert. denied, 188 So.2d 319 (Fla.1966), cert. denied, 385 U.S. 995, 87 S.Ct. 610, 17 L.Ed.2d 454 (1966).
The final judgment is therefore, in all respects,
Affirmed.