PER CURIAM.
This appeal presents this court with a procedural quagmire that requires us to vacate the trial court’s order dismissing the appellants’ first amended complaint without leave to amend and striking the appellants’ second amended complaint.
The original complaint was filed by three corporate appellants alleging legal malpractice. This complaint was amended before service of process was made upon the appellees. The amended complaint appears to be facially sufficient and incorporates appropriate allegations to support a claim for professional malpractice, to wit: employment of the attorneys by the corporations, negligence of a reasonable duty, and loss as a result of the duty. See Florida Fruit and Vegetable Ass’n v. Wells, 755 So.2d 828, 830 (Fla. 5th DCA 2000) (citing Bolves v. Hullinger, 629 So.2d 198, 200 (Fla. 5th DCA 1993)). It is at this juncture that the procedural normality of this case ends.
This quagmire begins with the appellants filing a second amended complaint without leave of court in violation of Florida Rules of Civil Procedure Rule 1.190(a). The appellants claim that the amendment should be allowed citing the same rule that allows an amendment before a responsive pleading is served. They are mistaken, the rule allows only one amendment without leave of court and they exhausted that permissive pleading by filing the first amended complaint. The second amended complaint adds individual plaintiffs,[1] adds a claim for tortious interference with a business relationship, responds to some of the *1282 allegations made in the speaking motions to dismiss, and appears to be a corporate stockholder’s derivative action.
Next, the appellees filed a plethora of motions which included without limitation, motions to dismiss including affirmative defenses that should have been presented in an answer.
Most of the motions are irrelevant to this appeal because the trial court’s order of dismissal indicates that those considered were “Motion to Strike Second Amended Complaint and Motion to Dismiss First Amended Complaint for the Willful Violations of this Court’s Discovery Order; Violations of the Rules of Civil Procedure; Violations of the Florida Corporations Act; and for Filing a Complaint Without Authority.” Also considered was a “Motion for Leave to File Second Amended Complaint.” A transcript of the hearing is not in the record; thus, we do not have the benefit of the trial court’s reasoning.
We question whether the first amended complaint should have been dismissed for violation of a discovery order. Generally, the striking of pleadings, dismissal of a cause of action, or the entry of a default for non-compliance with an order compelling discovery is the most severe of all sanctions, which should be employed only in extreme circumstances. See Swidzinska v. Cejas, 702 So.2d 630, 631 (Fla. 5th DCA 1997); see also Motzer v. Tanner, 561 So.2d 1336, 1337-38 (Fla. 5th DCA 1990) (citing Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)). However, “a deliberate and contumacious disregard of the court’s authority will justify application of this severest of sanctions ... as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness .... ” Mercer, 443 So.2d at 946.
The appellants contend that no discovery violation occurred and there was only one court order regarding discovery with which they fully complied. While it is true that there was only one order regarding discovery, the record shows that the appellants did not fully comply with it. The order stated that all interrogatory responses and production of documents be completed by May 4, 2000. The order further directed the appellants to fully comply with any pending discovery requests. The answers to the interrogatories were completed by the appellants and filed on May 3, 2000, but the answers to the majority of the questions were not responsive and were useless to anyone trying to frame issues for further pleadings or motions. Additionally, the requested documents were never produced and as an excuse, the appellants’ attorney indicated that he had to locate them and would forward them to the appellees. In support of the dismissal, the appellees allege that the appellants’ attorney had just concluded a suit in Michigan involving many of the same issues and documents so there was no excuse for the failure to produce the documents.
In the instant case, as in Kilstein v. Enclave Resort, Inc., 715 So.2d 1165, 1168—69 (Fla. 5th DCA 1998), the record does not support the trial court’s dismissal of the claims for willful violations of the discovery order. Here, the only court order that was “disobeyed,” was in general terms and subject to interpretation: it only required the appellants to serve “full and complete answers” and “fully comply” with the requests to produce. We also note that the appellees began demanding discovery before an answer was filed; therefore, any delay by the appellants could not have caused appellees any material prejudice. See generally Ramos v. Sanchez, 375 So.2d 51 (Fla. 2d DCA 1979). We agree with the trial judge that the appellants’ responses were deficient, but there was no absolute *1283 refusal on their part to furnish the requested information. Although the tactics employed by the appellants should not be condoned, a court faced with the task of enforcement should initially devise sanctions and remedies short of the ultimate sanction of dismissal. See generally Kilstein, 715 So.2d at 1169 (citing Steele v. Chapnick, 552 So.2d 209 (Fla. 4th DCA 1989)); see also Johnson v. Allstate Ins. Co., 410 So.2d 978 (Fla. 5th DCA 1982).
Furthermore, because of the severity of the sanction, orders striking pleadings should contain specific findings of a willful failure or deliberate refusal to comply with discovery. See Commonwealth Fed. Sav. and Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). A pattern of disregard or deliberate disregard by the client as opposed to an attorney will support an affirmance of such an order. See Mercer, 443 So.2d at 946; Bailey v. Woodlands Co., Inc., 696 So.2d 459 (Fla. 1st DCA 1997). Absent evidence of a willful failure to comply or extensive prejudice to the opposition, the granting of such an order constitutes an abuse of discretion. See Neal v. Neal, 636 So.2d 810, 812-813 (Fla. 1st DCA 1994). The order in the instant case does not contain any specific findings and fails to meet the requirements for orders granting discovery sanctions.
The trial court properly struck the second amended complaint for failure of the appellants to seek leave of court before filing it, especially since the appellants attempted to add parties without leave of court in violation of Rule 1.250.
We remand to the trial court with instructions to afford the appellants the opportunity to seek leave of court to amend their complaint and to seek the addition of plaintiffs. At the same time, the court can make such further discovery orders or sanctions as may be appropriate that do not include dismissal of the action with prejudice at this juncture. Hopefully, the appellants will have responded to the requested discovery by the time they attempt to seek amendment of their complaint so that the failure to comply with discovery requests will be moot.
We do not address the remaining multiple issues raised by the parties on this appeal. The trial court’s order of dismissal that is the subject of this appeal specifically describes the motions considered and limits the matters- renewable upon appeal. The other issues are not ripe for consideration although the arguments presented by both sides in their briefs should hopefully serve to improve the pleadings and compliance with procedural rules upon remand.
ORDER VACATED; REMANDED.
SHARP, W., PETERSON, JJ„ and MONACO, D., Associate Judge, concur.

. Florida Rule of Civil Procedure 1.250 requires an order of court to add additional parties if not added by a one time amendment in accordance with Rule 1.190(a).