445 So.2d 393 (1984)
Waldemar MORALES, Appellant,
v.
Edelma PEREZ, As Personal Representative of the Estate of Jose Miguel Perez, Deceased, et al., Appellees.
No. 83-2684.
District Court of Appeal of Florida, Third District.
February 14, 1984.
Curtis L. Jones, Jr., Miami, for appellant.
Sweetapple & Kamilar and Mark Kamilar, Miami, for appellees.
Before BARKDULL, NESBITT and FERGUSON, JJ.
PER CURIAM.
Morales, the defendant below, appeals from a default judgment determining the issue of liability in favor of the plaintiff. The trial court entered the default at a pretrial conference as a sanction for the *394 defendant's repeated and willful violations of the discovery rules. We affirm.
The record reveals numerous failures on the part of Morales to comply with orders relating to discovery, concluding with the failure of his attorney to appear at a scheduled pretrial conference. It was within the discretion of the trial court to enter a default as a sanction for these discovery violations.[1] Fla.R.Civ.P. 1.200(b). See Mercer v. Raine, 443 So.2d 944 (Fla. 1983); A.H. Robins Co. v. Devereaux, 415 So.2d 30 (Fla. 3d DCA 1982), pet. for review denied, 426 So.2d 25 (Fla. 1983); City of Miami Beach v. Chadderton, 306 So.2d 558, dismissed mem., 312 So.2d 757 (Fla. 1975). Such orders will not be reversed on appeal unless there was clearly an abuse of discretion by the trial court. Chamberlin v. Mid Century Insurance Co., 350 So.2d 364 (Fla. 2d DCA 1977). The trial court was entitled to interpret Morales' repeated failures to comply with discovery orders as willful and intentional, justifying the severe sanction of default. Compare Johnson v. Allstate Insurance Co., 410 So.2d 978 (Fla. 5th DCA 1982) with W.G.C., Inc. v. The Man Co., 360 So.2d 1152 (Fla. 3d DCA 1978). We find no abuse of discretion and the default judgment is accordingly affirmed.
NOTES
[1] Counsel for appellant  the third or fourth in the case  was not involved in the discovery violations which caused striking of the defenses.