PER CURIAM.
Appellants seek review of several orders of the trial court striking appellants’ pleadings and entering defaults as sanctions for a multitude of procedural violations on the part of appellants.
Without detailing all of the facts, suffice to say that the record supports the trial judge’s finding of a long, consistent failure of appellants to timely plead, submit to discovery, or attend hearings sufficient to justify the harsh action taken. Such action is discretionary and precludes appellate interference absent an abuse thereof. As the supreme court recently stated in Mercer v. Raine, 443 So.2d 944 (Fla.1983):
Thus, to justify reversal, it would have to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not merely that the court, or another fact-finder, might have made a different factual determination. 443 So.2d at 946.
Once again the supreme court has applied the oft described test set forth in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), to determine the parameters of the trial court’s discretion in granting sanctions:
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the “reasonableness” test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness. 443 So.2d at 946.
Accordingly, we affirm the orders appealed from.
AFFIRMED.
DOWNEY, DELL and GLICKSTEIN, JJ., concur.