BASKIN, Judge.
We reverse the trial court’s order dismissing with prejudice Jackson’s cause of action seeking to determine paternity and to obtain child support. The trial court based its dismissal on Jackson’s failure to submit to a blood test and upon her failure to identify appellee Layne’s photograph.
The record fails to indicate that Jackson willfully disregarded a written order requiring the parties tb submit to blood tests. Furthermore, the trial court failed to afford Jackson an additional opportunity for compliance. Thus, no logical basis for the severe sanction of dismissal with prejudice exists under either rule 1.380(b) or rule 1.420(b), Florida Rules of Civil Procedure. See Beaver Crane Service, Inc. v. National Surety Corp., 373 So.2d 88 (Fla. 3d DCA 1979); Goldstein v. Goldstein, 284 So.2d 225 (Fla. 3d DCA 1973); Hurley v. Werly, 203 So.2d 530 (Fla. 2d DCA 1967). Cf. Watson v. Peskoe, 407 So.2d 954 (Fla. 3d DCA 1981) (where court entered final judgment for appellee on finding that appel *1243 lant’s failure to comply with three prior orders instructing appellant to produce documents constituted willful disregard, imposition of sanction of dismissal not abuse of trial court’s discretion). In addition, dismissal is not warranted by Jackson’s failure to identify Layne’s photograph.
Layne argues that the trial court was correct in dismissing Jackson’s cause of action for lack of prosecution. The trial judge specified that dismissal was based on Jackson’s failure to submit to the blood test and failure to identify Layne’s photograph; the court made no mention of lack of prosecution. Even if the trial court had based its dismissal on that theory, a dismissal for failure to prosecute may not be entered with prejudice. Gold Coast Graphics, Inc. v. Rachline, 448 So.2d 544 (Fla. 3d DCA 1984); Hamilton v. Millnul Associates, 443 So.2d 485 (Fla. 3d DCA 1984).
Accordingly, we find that the trial court abused its discretion in dismissing the cause. We therefore reverse the order appealed, reinstate the cause, and remand for further proceedings.