515 So.2d 279 (1987)
F. FOOD COMPANY, INC., d/b/a Le Petit Quebec, Le Petit Quebec, Inc., Roland Cloutier and Mariette Cloutier, Appellants,
v.
HART PROPERTIES, INC., d/b/a the Castaways Motel, and Joseph Hart, Appellees.
No. 86-1709.
District Court of Appeal of Florida, Third District.
October 20, 1987.
Rehearing Denied November 25, 1987.
Joseph Nazzaro, Miami, for appellants.
George, Hartz & Lundeen, Daniels & Hicks and Ralph O. Anderson, Miami, for appellees.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
Appellants seek reversal of a final order of the Circuit Court for Dade County dismissing their action against appellees for failure to comply with the court's pretrial order. The court stated in its order of dismissal that the failure to comply "is consistent with the entire history of this cause which indicates a lack of due diligence and a failure to prosecute this cause to trial and judgment... ."
The cause of action was initially filed in June, 1979. The record shows that for the next seven years there were numerous failures by the parties and their counsel to comply with orders of the trial court relating to discovery and further, that the court, sua sponte, set the matter for trial and ordered a pretrial conference after a two-year period of very little activity in the case. The pretrial conference order also set forth final deadlines for filing of pretrial documents, which the order stated must be strictly complied with and which the parties failed to meet.
In their motion for rehearing, which was denied, and on appeal, appellants argue that the order of dismissal was too severe a sanction and constituted an abuse of the trial court's discretion.
Having carefully reviewed the record in the light of the controlling principles of law, we have concluded that the trial judge "was entitled to interpret [the parties'] repeated failures to comply with discovery [and pretrial] orders as willful and intentional, justifying the severe sanction of default." Morales v. Perez, 445 So.2d 393, 394 (Fla. 3d DCA), cause dismissed, 453 So.2d 44 (Fla. 1984). Accordingly, no abuse of the trial court's discretion having been demonstrated, see Mercer v. Raine, 443 So.2d 944 *280 (Fla. 1983); Erie Winds, N.V. v. Crab Pot Oceanside, Inc., 449 So.2d 426 (Fla. 4th DCA 1984); Henry A. Knott Co. v. Redington Towers, Inc., 428 So.2d 687 (Fla. 2d DCA 1983); Perez, 445 So.2d at 394, the order of dismissal under review is affirmed.
Affirmed.