PER CURIAM.
Appellant, Ronald Sienkiewicz, argues that the trial court erred by striking his pleadings and in entering a final judgment against him for failing to attend calendar call. We agree.
The order setting this case for the two-week non-jury calendar stated:
The parties shall be available for calendar call at 9:15 A.M. Tuesday, November *93 20, 1990. (Special note: Copies of the trial docket will be furnished at calendar call.)
Appellant, who at the time was appearing pro se, failed to attend, explaining that he did not interpret the order as requiring his attendance at the calendar call. Instead, he testified that inasmuch as the order listed his phone number, it was his understanding that the court would notify him of the trial date. While we agree that the order could have been more clearly drafted, it was sufficient to place him on notice that his attendance at calendar call was mandatory. The issue then becomes whether under these circumstances the imposition of the ultimate sanction of a judgment was so harsh as to constitute an abuse of discretion. Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983).
Appellee points out that this was not the first instance where the appellant had run afoul of prior orders or rules of procedure. After having twice failed to appear for deposition as scheduled, the trial court was forced to enter an order compelling his appearance at the next regularly noticed deposition or suffer the entry of a default and judgment against him. Only then did he appear. In addition, it appears that appellant failed to comply fully with the trial court’s pretrial instructions by neglecting to submit a witness and exhibit list to opposing counsel.
While appellant’s behavior is inexcusable and the trial judge's frustration understandable, we do not find the facts as described above egregious enough to warrant so severe a penalty. Given the appellant’s obvious unfamiliarity with the legal system it cannot be said that his conduct evinced an intentional or wilful disregard of the court’s order. Indeed, no such finding was ever made by the trial judge. See Mercer v. Raine, 443 So.2d 944 (Fla.1983); Morales v. Perez, 445 So.2d 393 (Fla. 3d DCA), cause dismissed, 453 So.2d 44 (Fla.1984). On the one occasion where appellant was warned that noncompliance would subject him to severe sanctions, he complied. For his failure to list witnesses or exhibits as required by the pretrial order, the court could have limited appellant to the plaintiff’s witnesses and exhibits. This does not seem to be a case where a party has repeatedly and consistently failed to obey court orders. See F. Food Co., Inc. v. Hart Props., Inc., 515 So.2d 279 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 577 (Fla.1988).
We wish to emphasize that our holding is clearly limited to the facts in this case, and should not be interpreted as either a license for attorneys or pro se litigants to ignore pretrial orders or as an absolute prohibition against trial judges from imposing the severest of sanctions when they do. We think, for instance, that had the pretrial order stated in unequivocal fashion that failure to attend calendar call could result in the entry of a default or the striking of a party’s pleadings, then we would be compelled to affirm the trial judge’s decision. But cf. Byron Holding Corp. v. Cohen, 284 So.2d 412 (Fla. 3d DCA 1973) (striking answer was too harsh notwithstanding order which put the defendant on notice that failure to appear at calendar call might result in imposition of such a sanction); Bernuth Marine Shipping, Inc. v. Integrated Container Serv., Inc., 369 So.2d 424 (Fla. 3d DCA 1979) (written warning that noncompliance with court’s pretrial order could result in striking of defendant’s pleadings was insufficient under the circumstances to permit so severe a sanction).
Accordingly, the final judgment appealed is reversed and the cause remanded to the trial court with directions to reinstate appellant’s pleadings and allow the matter to proceed to trial. However, the trial court may impose other appropriate sanctions in its discretion.
GLICKSTEIN, C.J., ANSTEAD, J„ and OFTEDAL, RICHARD L., Associate Judge, concur.