587 So.2d 630 (1991)
The STATE of Florida, Appellant,
v.
Jose PEREZ, Appellee.
No. 90-1286.
District Court of Appeal of Florida, Third District.
October 15, 1991.
*631 Robert A. Butterworth, Atty. Gen. and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and John H. Lipinski, Sp. Asst. Public Defender, for appellee.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
The state appeals from an order granting the defendant's motion to suppress out-of-court showup identifications and in-court identifications by eyewitnesses. We reverse and remand.
The trial court scheduled a suppression hearing at 7:00 a.m. The trial court called the hearing at 7:06 a.m. The assistant state attorney was not present. Following the defense counsel's proffer of the facts in support of the motion to suppress, the trial court found a factual basis for the motion and granted it. The assistant state attorney arrived at 7:10 a.m. and requested that the court reopen the case to permit him to argue on behalf of the state and present witnesses. The trial court denied the request saying it had already ruled, but allowed the assistant state attorney to make a record.
The state contends that the trial court abused its discretion in denying the state's motion to reopen the case. We agree.
The trial court prevented the state from presenting its evidence without a finding that the assistant state attorney's actions were willful or that the defendant was prejudiced. In Patterson v. State, 419 So.2d 1120, 1123 (Fla. 4th DCA 1982), review denied, 430 So.2d 452 (Fla. 1983), the court stated that the exclusion of otherwise admissible evidence is an extremely severe remedy that must be reserved for the most compelling circumstances. Before ordering such sanctions, the court has to consider whether the violation was inadvertent or willful, whether it was trivial or substantial, and whether the opposing party was prejudiced. Id. Additionally, the state points out that without any testimony on identification, it is unlikely that the state will be able to proceed on the charges.
The defendant's reliance on Morales v. Perez, 445 So.2d 393 (Fla. 3d DCA), cause dismissed, 453 So.2d 44 (Fla. 1984) (trial court did not abuse its discretion in denying state opportunity to present its evidence and ruling on motion presented where assistant state attorney never notified court that he would be late) is misplaced. In Morales, the trial court granted the sanctions because Morales' attorney failed to appear at a scheduled pretrial conference after Morales had failed to comply with several discovery orders. Based on these numerous violations, the trial court could conclude that Morales' actions were willful and intentional. In the instant case, there is no evidence in the record that the assistant state attorney had failed to comply with other orders and that his failure to appear on time to the hearing was willful and intentional.
For these reasons, we reverse the trial court's order granting the defendant's motion to suppress and remand this cause to the trial court with instructions to conduct a suppression hearing during which both sides should present their evidence.
Reversed and remanded.