SALMON, MICHAEL H., Associate Judge.
Appellant Laura Jeanne Michniak petitioned the court for a dissolution of her marriage, and final hearing was set for July 30,1991. After the petitioner failed to appear at the final hearing, the trial judge entered an order dismissing the case with *1306 prejudice.[1] The petitioner wrote a letter to the trial judge, explaining that she missed her final hearing because she “confused” two court dates, and requested a rehearing. The trial judge, treating the letter as a motion for rehearing, denied the motion. We reverse.
The primary issue is whether the trial court abused its discretion when it dismissed appellant’s petition for dissolution of marriage with prejudice where the petitioner’s stated reason for her absence was not intentional or deliberate, but a confusion over two court dates, and the trial court did not make a finding that appellant willfully failed to appear on the date of the final hearing.
Dismissal with prejudice is a severe sanction, especially where there is no finding of willful failure to appear on the part of the appellant. See Jackson v. Layne, 464 So.2d 1242 (Fla. 3d DCA1985). It does not appear warranted under these facts, especially where there were other sanctions available, if needed.
Reversed and remanded to the trial court to vacate the order dismissing the cause with prejudice. No petition for rehearing will be entertained in this case.
GLICKSTEIN, C.J., and GUNTHER, J., concur.

. The petitioner's attorney was present at the final hearing.