613 So.2d 918 (1993)
Jerry Jack KELLEY, Edward Norman Mathewson, Henry John Zpaitz, and Richard Edward Berard, Appellants,
v.
Willie SCHMIDT, Appellee.
No. 91-2256.
District Court of Appeal of Florida, Fifth District.
January 15, 1993.
Rehearing Denied March 5, 1993.
*919 Mark Ellis Solomon, Orlando, for appellants.
James P. Kelaher and Neva M. Kelaher of Kelaher & Wieland, P.A., Orlando, for appellee.
MUSLEH, V.J., Associate Judge.
Appellants seek reversal of the trial court's order striking their pleadings and entering a default judgment in favor of appellee (including treble damages) on appellee's counterclaim for civil theft. Appellants argue that such action by the trial court was an abuse of discretion. This court agrees with appellants.
This case arose as a dispute between the five members of a lottery pool. When the pool purchased a winning "Fantasy Five" ticket, appellants discovered that appellee had purchased a duplicate winning ticket privately and outside the pool. Appellants sued the appellee for breach of an oral contract, alleging that appellee's purchase of a duplicate lottery ticket violated their pool agreement. Appellants sought an eighty percent share of appellee's duplicate ticket. Appellee counterclaimed, alleging conversion and civil theft of his twenty percent interest in the pool's winning ticket which appellants retained.
The trial judge set the matter for jury trial by order dated April 3, 1991 which provided inter alia, for an exchange of witness lists, set a pretrial hearing for July 15, and required mediation prior to the pretrial conference. Counsel for appellants failed to attend the April 15 pretrial, was late for a rescheduled pretrial on August 26, and showed up on the trial date without the required witness list, exhibit list, or jury instructions. Upon motion of appellee's counsel, the trial judge struck appellants' pleadings, dismissed their cause of action, and entered a default judgment on appellee's counterclaim for civil theft, including an award of treble damages. This appeal ensued.
At the outset we observe that trial courts have a broad range of sanctions to enforce pretrial compliance and that a district court may not overturn a trial court's decision imposing sanctions absent an abuse of discretion. First Republic Corp. v. Hayes, 431 So.2d 624 (Fla. 3d DCA), rev. denied, 441 So.2d 632 (Fla. 1983). One of the sanctions available for failure to comply with pretrial orders is the striking of pleadings. Fla.R.Civ.P. 1.200(c). However, the striking of a party's pleadings resulting in either dismissal or a default judgment is the most severe sanction. It should be used sparingly and reserved to those instances where the conduct is flagrant, willful or persistent. Morales v. Perez, 445 So.2d 393 (Fla. 3d DCA), cause dismissed, 453 So.2d 44 (Fla. 1984); Masons Concrete of Crystal River, Inc. v. Corbin Well Pump & Supply, Inc., 364 So.2d 824 (Fla. 2d DCA 1978), cert. denied, 373 So.2d 457 (Fla. 1979); Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978).
The Florida Supreme Court's recent requirement of an express written finding of willfulness in any order striking a party's pleadings which results in a dismissal or a default judgment, and the lack of such finding in the instant case, mandates a reversal. Commonwealth Federal Savings & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla. 1990). Although we are mindful *920 of the supreme court's admonition in Tubero that no "magic words" are required, the trial court's order in this case is devoid of any finding of willfulness. Tubero, 569 So.2d at 1273. The order recited the specific failures of appellants' counsel to comply with its pretrial order. It declared that the attorney had offered "no justifiable excuse" for his defaults even though he offered explanations for his dereliction, albeit insufficient. The court concluded that counsel "exhibited a continuing and repeated failure to comply" with the pretrial order.
That is not, in our view, the equivalent of an express finding of willful or contumacious behavior. The record in this case reveals appellants' counsel as sloppy, inattentive and inadequate but not willful or contumacious.[1] Moreover, when pressed by the trial judge, appellee's counsel could not represent that any irrevocable prejudice had been incurred as a result of counsel's noncompliance.
When a party fails to comply with a pretrial order, the authority to sanction is not unbridled; the sanction imposed must be commensurate with the offense. Insua v. World Wide Air, Inc., 582 So.2d 102 (Fla. 2d DCA 1991). We note that numerous, less onerous sanctions were available to the trial judge. Counsel agreed to the acceptance of appellee's witness list, his proposed jury instructions, and his exhibit list. These sanctions would have negated any prejudice to the appellee and allowed the parties their day in court. Traditionally, contempt has been the sanction used to punish counsel. Rather than using the scalpel, the trial judge has chosen the atomic bomb. We align ourselves with those rulings which hold that:
The court unquestionably has power to discipline counsel for refusal or failure to meet the requirements of [Florida Rule of Civil Procedure 1.200]. Such refusal may warrant a citation for contempt or a lesser degree of punishment, but it is our view that the major punishment for such delicts should be imposed on counsel rather than on the litigant. (emphasis added)
Beasley v. Girten, 61 So.2d 179, 180 (Fla. 1952); Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971); Goldman v. Tabor, 239 So.2d 529 (Fla. 2d DCA 1970).
We cannot condone counsel's failure to comply with the court's pretrial order but we hold that it was an abuse of the trial court's discretion to strike the appellants' pleadings, and enter default judgment against them. Accordingly, the final judgment appealed is reversed and the cause is *921 remanded to the trial court with directions to reinstate appellants' pleadings and to allow the matter to proceed to trial. However, the trial court may impose other appropriate sanctions in its discretion.
REVERSED and REMANDED for proceedings consistent with this opinion.
W. SHARP, J., concurs.
GOSHORN, C.J., dissents with opinion.
GOSHORN, Chief Judge, dissenting.
I cannot agree that the trial court abused its discretion under the facts of this case. Further, I do not agree with the majority that "the trial court's order in this case is devoid of any finding of willfulness" as required by Commonwealth Federal Savings and Loan Association v. Tubero, 569 So.2d 1271 (Fla. 1990).
In the order striking the appellants' pleadings, the trial court found the appellants had failed to comply with the court's orders:
(a) by failing to set up the Mediation, requiring counsel for Defendant/Counter-Plaintiff to do so; and
(b) by failing to file and serve upon opposing counsel prior to the pre-trial hearing of July 15, 1991, a Pre-Trial Compliance comprising of a witness list, exhibit list, statement of issues to be tried, estimated time for trial, stipulated facts or issues and a Memorandum of Law, and
(c) by failing to attend the Pre-Trial Conference scheduled for July 15, 1991; and
(d) by failing to attend the Pre-Trial Conference scheduled for August 26, 1991; and
(e) by failing to provide any jury instructions to this Court or opposing counsel prior to the first day of trial, or even at trial.
2. That this Court finds the Plaintiffs/Counter-Defendants in violation of its Order and directives further by failing to file and serve upon opposing counsel all of the above documentation even at the commencement of this trial.
3. That counsel for Plaintiffs/Counter-Defendants at the time of trial had no justifiable excuse for his disregard of this Court's Order of April 3, 1991, but admitted having received said Order and admitted having read said Order.
4. That this Court hereby finds that the Plaintiffs/Counter-Defendants have exhibited a continuing and repeated failure to comply with an Order of this Court, which justifies the severe sanctions of striking the pleadings and entry of default.
The record fully supports the trial court's findings.
Additionally, it is clear that the appellants' attorney failed to appear for either of the two scheduled pretrial conferences. The record also shows that on the day of trial, the appellants' attorney represented to the court that he had his proposed jury instructions and verdict form. However, when offered the opportunity to file them with the court, the appellants' attorney conceded he had not prepared them. Furthermore, the appellants' attorney initially represented to the court that he had served his witness list on the opposing counsel. However, when confronted with the fact that his witness list was not in the court file, he dropped his contention and ultimately conceded that even though he had not notified the opposing counsel, he intended to call a witness who was not a party.
It is altogether too easy for an appellate judge, sitting on the mountaintop, far removed from the litigation, to opine that a trial judge could have simply sanctioned the attorney and rescheduled the trial, but that is not the real world of crowded litigation dockets, limited availability of trial time and courtrooms, and judicially mandated time standards. Attorneys have an obligation, not only to their clients, but also to the courts and to their profession. The record clearly shows that the appellee was ready for trial and that the appellee's attorney had rearranged his schedule to accommodate the court's trial schedule.
As the trial judge aptly stated:
Either pre-trial orders mean what they say or they don't. I've gone through the case. I've called several times to the *922 lawyers to let them know what the status of the case was.
I don't think it's my obligation to nursemaid the lawyers to let them know that their pleadings are not in and where are they. I think it would be considered arrogant by the lawyers on the part of the Court if I tried to teach you or imply that you didn't know what you were doing. But at some point the lawyers will be held to the same standard as other lawyers.
Bemoaning the loss of professionalism, members of the Bar often suggest that the trial bench bears some of the responsibility because judges are reluctant to impose sanctions. The trial judges respond that when they attempt to impose those sanctions, they are not supported, but rather are reversed by the appellate courts. In my opinion, it is time the appellate courts assist, rather than hinder, the trial courts. Enough is enough! No abuse of discretion has been demonstrated. We, as appellate judges, should not look at the cold record and substitute our subjective opinions of what we might have done if we were the trial judge, for the opinions of the judge who has an obligation to adjudicate the cases on his or her docket in an orderly and timely manner.
The record and the findings of the trial court clearly demonstrate that the actions (or more appropriately, inactions) of the appellants' attorney were willful and in deliberate disregard of the court's orders. Even at oral argument before this court, the appellants' attorney was unable to offer any reason or excuse for his many failures to comply with those orders.
I would affirm.
NOTES
[1] (1) Although he did not set up the mediation (as ordered by the court) he and his clients attended a mediation session organized by the defendant's attorney. It lasted four to five hours and proved to be unsuccessful.

(2) He did attend one pretrial conference when the case was set before another circuit judge. He arrived late for the second conference, with this judge. He explained he had been delayed at another court proceeding and had been confused about where this judge's chambers were located.
(3) He did not supply the court or opposing counsel with his proposed jury instructions in advance of the trial. He explained he was used to trying criminal cases, where the instructions were "hammered out" after the trial, and in a prior civil case tried with another judge, that is how the instructions were handled. Further, opposing counsel had just hand-delivered his proposed instructions, the night before the trial was to begin. As a fall-back position, he offered to accept opposing counsel's instructions, although he had not yet had time to study them in full.
(4) He admitted he had not furnished his list of witnesses. But he said he thought he had furnished such a list in connection with an earlier pretrial conference. In any event, he said this is a simple case involving a disputed oral contract to share the winnings of a lottery ticket between five people. The five people involved comprise the four plaintiffs and the defendant, and would be the sole witnesses. He wanted to call the wife of one of his clients in addition because she had had a telephone conversation with the defendant. All the witnesses were known and known well to the parties and the attorneys. As a fall-back position, he agreed he would be limited at trial to calling only persons on the appellee's witness list.
(5) He had not furnished opposing counsel with his list of exhibits, but he had none other than the lottery ticket itself. That morning prior to trial, he had gone over the defendant's proposed exhibits with the defendant's attorney, and thought they had agreed to all the documents which would be exhibits at the trial.