624 So.2d 765 (1993)
Tracy O. LAHTI, Appellant,
v.
Florence Jo PORN, Appellee.
No. 91-2295.
District Court of Appeal of Florida, Fourth District.
September 15, 1993.
Robert Alan Rosenblatt of the Law Offices of Robert Alan Rosenblatt, P.A., Miami, for appellant.
*766 K. Stuart Goldberg of the Law Offices of K. Stuart Goldberg, West Palm Beach, for appellee.
ROSS, Associate Judge.
This is an appeal from the trial court's order dismissing appellant's complaint with prejudice for the failure of plaintiff's counsel to attend the docket call and to fully comply with the court's pretrial order. The trial court found appellant's counsel failed to prepare a pretrial stipulation, timely file witness and exhibit lists, and, attend the calendar call. The trial court's order setting the cause for jury trial specified: "Attendance at calendar call is mandatory. Failure to attend may result in the dismissal of this action, the entry of a default or other appropriate sanctions."
Because appellant had previously voluntarily dismissed the same claim, the trial court entered an order dismissing appellant's case with prejudice. However, the trial court failed to a make specific finding that appellant counsel's failure to comply with the pretrial order was willful or that appellant counsel's failures resulted in any prejudice to appellee. Dismissal of a case should be used sparingly and reserved to those instances where the conduct is willful. Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993).
Appellant argues, and we agree, under the circumstances the trial court abused its discretion in dismissing this case with prejudice. Dismissal of an action is a drastic remedy which should be used only in extreme situations and upon a showing of deliberate and willful disregard for the trial court's order. World on Wheels of Miami, Inc. v. Int'l Auto Workers, Inc., 569 So.2d 836 (Fla. 3d DCA 1990).
In reviewing the trial court's order of dismissal, this court must weigh the severity and prejudicial effects of counsel's actions against the loss to appellant of her cause of action. Livingston v. Dept. of Corrections, 481 So.2d 2 (Fla. 1st DCA 1985). In the present case, the record reflects appellant's counsel provided the trial court with an explanation for his failure to appear at the scheduling conference. The trial court has many alternatives to secure proper respect for and compliance with its orders including the imposition of costs or attorney's fees. The failure of appellant's counsel to attend the scheduling conference should not serve as a basis upon which to punish the appellant. Travelers Ins. Co. v. Rodriquez, 357 So.2d 464 (Fla. 2d DCA 1978).
Appellee argues Sienkiewicz v. Aqua Lift, Inc., 586 So.2d 92 (Fla. 4th DCA 1991), compels dismissal of an action for failure to attend the calendar call where the pretrial order states in "unequivocal fashion that failure to attend calendar call could result in the entry of a default or the striking of a party's pleadings ..." Id. at 93. However, the appellant in Sienkiewicz was not represented by an attorney. Where a pro se litigant does not abide by the court's orders, it is logical that he or she should suffer the consequences.
Many trial judges, trial attorneys, as well as the writer empathize with the compelling dissenting opinion written by Judge Stone. Trial judges find it difficult to manage and dispose of their increasing caseloads. Conscientious trial attorneys are also frustrated when forced to confront an adversary who fails to devote the time and effort required to represent their client in a professional manner. Although the trial court's decision is understandable, we hold that dismissal of appellant's claim with prejudice was error.
Upon remand, if the trial court intends to impose sanctions upon appellant's counsel, appellant's counsel should be given an opportunity to appear before the court to "explain the violation or present any evidence in mitigation." Insua v. World Air, Inc., 582 So.2d 102, 104 (Fla. 2d DCA 1991).
REVERSED AND REMANDED
WARNER, J., concurring specially with opinion.
STONE, J., dissenting with opinion.
STONE, Judge, dissenting.
I would affirm the order dismissing Appellant's case with prejudice for failure to attend the docket call for trial and for otherwise *767 failing to comply with the pretrial order. The trial court made these specific findings:
the Plaintiff has failed to comply with the Pretrial Order entered March 21, 1991, and with the Rules of Civil Procedure. More specifically, Plaintiff has failed to:
1. Draw and execute a Pretrial Stipulation, or complying Witness and Exhibit lists.
2. Attend Calendar Call. The Pretrial Order of March 21, 1991, cautions that attendance at Calendar Call is mandatory and that failure to attend may result in the dismissal of this action.
The Court further finds that Plaintiff has failed to appear, through counsel, at hearings in this matter on June 17, 1991 and July 11, 1991, and that the July 11, 1991 hearing had been requested and noticed by Plaintiff's counsel, whose failure to attend his own hearing has gone unexplained.
The Court further finds that this same claim was previously filed as Case Number CL 88-3750 AE, in this same Court, and was Voluntarily Dismissed by Plaintiff entered November 28, 1989 after the entry of an Order of Dismissal entered November 9, 1989.
The Court finds that Plaintiff's failure to comply with this Court's Pretrial Order and the Rule of Procedure justify and require the Dismissal of this civil action... .
The court's order setting the cause for jury trial specified that: "ATTENDANCE AT CALENDAR CALL IS MANDATORY. FAILURE TO ATTEND MAY RESULT IN THE DISMISSAL OF THIS ACTION, THE ENTRY OF A DEFAULT OR OTHER APPROPRIATE SANCTIONS." The bold type, capitalization, and underlining appearing in this quotation have not been added here for emphasis; they appear in the original order! The pretrial order also provided that "sanctions will be imposed for noncompliance" with the required filing of a pretrial stipulation. Additionally, it warned that "noncompliance with this order may result in the striking of the case, witnesses, exhibits or such other sanctions as are just." The trial court had already entered sanctions striking late service of the Appellant's witness and exhibit lists.
The ultimate issue in this appeal is not whether sanctions may be imposed, but whether, if dismissal is the chosen sanction, may it be "with prejudice." In Sienkiewicz v. Aqua Lift, Inc., 586 So.2d 92, 93 (Fla. 4th DCA 1991), we said, albeit by dicta,:
We wish to emphasize that our holding is clearly limited to the facts in this case, and should not be interpreted as either a license for attorneys or pro se litigants to ignore pretrial orders or as an absolute prohibition against trial judges from imposing the severest of sanctions when they do. We think, for instance, that had the pretrial order stated in unequivocal fashion that failure to attend calendar call could result in the entry of a default or the striking of a party's pleadings, then we would be compelled to affirm the trial judge's decision. (emphasis added)
A dismissal without prejudice is an appropriate remedy under these circumstances. Beasley v. Girten, 61 So.2d 179, 181 (Fla. 1952); Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379, 381 (Fla. 4th DCA 1971); World on Wheels of Miami, Inc. v. Int'l Auto Motors, Inc., 569 So.2d 836, 837 (Fla. 3d DCA 1990); Epps v. Hartley, 495 So.2d 921 (Fla. 4th DCA 1986). See also F. Food Company, Inc. v. Hart Properties, Inc., 515 So.2d 279 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 577 (Fla. 1988).
In Michniak v. Michniak, 601 So.2d 1305, 1306 (Fla. 4th DCA 1992), this court reversed a dismissal with prejudice in a dissolution action because there was no finding of a "willful" failure to appear. However, here, such is not the case, as although the trial court does not use the word willful in its order, it is clear that the language used by the court is the equivalent of such a finding. The trial court could certainly recognize on this record a persistent pattern in the Appellant's conduct. See F. Food Company, Inc., supra. See also Arango v. Alvarez, 585 So.2d 1131 (Fla. 3d DCA 1991). In Arango, which I acknowledge involved a party acting pro se, the Third District held:
we find that it was not an abuse of the trial court's discretion to interpret the defendants' *768 failure to appear at the calendar call, after the defendants had already established a pattern of disobeying and/or ignoring the earlier orders entered by the Court, as being willful and intentional, thereby justifying the entry of a default.
I cannot conclude that parties, even if acting through counsel, have carte blanche to disregard clear and explicit pretrial orders, particularly those containing boldly noted warnings of the sanctions to be imposed upon failure of the parties or counsel to comply with respect to pretrial conferences, docket calls and trials.
In my judgment, the failure to attend a docket call should be treated, for all practical purposes, as the equivalent of failing to appear for trial, and there is no reason to distinguish between a docket call held on the morning of the set trial date and one held in advance of that date for convenience. Florida Rule of Civil Procedure 1.200(b) specifically provides for dismissal as an appropriate sanction for the failure of a party to attend a pretrial conference. Certainly, authority to impose such a sanction for failure to attend a conference, extends to failure to attend a trial or calendar call for a trial.
The dismissal here was imposed with prejudice because of the repeated infractions of counsel and because the case had previously been voluntarily dismissed by the Plaintiff, apparently following a court ordered dismissal, on the eve of the previously scheduled trial. The net effect in this case would be the same regardless of whether the dismissal is with or without prejudice, as it is apparent that the statute of limitations had expired at the time of the dismissal.
I confess some reluctance to dissent notwithstanding the foregoing, because of the dictate in Beasley that:
Although persistent refusal to attend might, in the interest of justice, require a dismissal without prejudice, we think for the reasons given [a dismissal "with prejudice" would in effect punish the litigant instead of counsel] that such dismissal upon the first infraction is too severe.
Nevertheless, I cannot conclude that the supreme court intended to adopt a per se rule that under no circumstances does a trial court ever have the discretion to dismiss a case with prejudice for failure to comply with a pretrial order except where a party is acting pro se.
This court has not hesitated to impose similar sanctions in appropriate cases for failure to comply with discovery orders in the face of warnings by a trial court. E.g. McCormick v. Lomar Industries, Inc., 612 So.2d 707 (Fla. 4th DCA 1993); Turner v. Marks, 612 So.2d 610 (Fla. 4th DCA 1992) (Warner, J. concurring specially with opinion). Although the sanction imposed here was not for a "discovery" violation pursuant to rule 1.380, Florida Rules of Civil Procedure, the trial court's findings are sufficient to support the imposition of an ultimate sanction under that rule and the standard of findings enunciated in Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla. 1990).
I recognize that in Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993) it was determined that it was an abuse of the trial court's discretion to strike the plaintiff's pleadings, where the plaintiff failed to comply with a pretrial order with respect to furnishing witness lists, exhibit lists, etc., failed to attend two pretrial conferences, and exhibited a "continuing and repeated failure to comply" with an order of the court, among other continuing violations. However, I cannot help but be influenced by the language of Judge Goshorn, in dissenting, in support of upholding the trial court's findings and sanction:
It is altogether too easy for an appellate judge, sitting on the mountaintop, far removed from the litigation, to opine that a trial judge could have simply sanctioned the attorney and rescheduled the trial, but that is not the real world of crowded litigation dockets, limited availability of trial time and courtrooms, and judicially mandated time standards. Attorneys have an obligation, not only to their clients, but also to the courts and to their profession. The record clearly shows that the appellee was ready for trial and that the appellee's *769 attorney had rearranged his schedule to accommodate the court's trial schedule.
As the trial judge aptly stated:
Either pre-trial orders mean what they say or they don't. I've gone through the case. I've called several times to the lawyers to let them know what the status of the case was.
I don't think it's my obligation to nursemaid the lawyers to let them know that their pleadings are not in and where are they. I think it would be considered arrogant by the lawyers on the part of the Court if I tried to teach you or imply that you didn't know what you were doing. But at some point the lawyers will be held to the same standard as other lawyers.
Bemoaning the loss of professionalism, members of the Bar often suggest that the trial bench bears some of the responsibility because judges are reluctant to impose sanctions. The trial judges respond that when they attempt to impose those sanctions, they are not supported, but rather are reversed by the appellate courts. In my opinion, it is time the appellate courts assist, rather than hinder, the trial courts. Enough is enough! No abuse of discretion has been demonstrated. We, as appellate judges, should not look at the cold record and substitute our subjective opinions of what we might have done if we were the trial judge, for the opinions of the judge who has an obligation to adjudicate the cases on his or her docket in an orderly and timely manner.
The record and the findings of the trial court clearly demonstrate that the actions (or more appropriately, inactions) of the appellants' attorney were willful and in deliberate disregard of the court's orders... .
The Appellant also questions the trial court's authority to impose the sanction without an additional hearing. Although certainly the Appellant is entitled to apprise the court of any mitigating facts, he accomplished that in this case by an unchallenged sworn motion for rehearing setting forth his entire explanation for nonappearance. This was considered by the trial court before denying the motion. Given the history of delay and the finding with respect to disregard of court orders in this case, I cannot conclude that there was an abuse of discretion. Cf. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
WARNER, Judge, concurring with opinion.
I concur in Judge Ross' opinion. I question whether on this record a history of delay and disregard of court orders sufficient to show willful noncompliance is established without a hearing, for the court dismissed the case without affording the appellant an opportunity to explain his conduct. The order of dismissal appears to be drafted by appellee's attorney and not the court. The first dereliction mentioned therein was the failure to timely produce a witness list followed by the failure to appear at a hearing on defendant's motion to strike the late filed witness list. In a motion for rehearing to the order striking the late filed witness list, appellant's attorney informed the court that he had not received notice of the hearing until after its occurrence. As the file indicates, that hearing notice was sent to an old address of the attorney rather than his new address. That is certainly a facially reasonable explanation for failure to appear. Secondly, the order states that appellant's counsel failed to appear at a hearing he himself set the day before the trial. Yet the notice of hearing in the record has a handwritten notation on it "7-9-91 cancelled by court  atty. advised." I can only assume that this was put on the notice by the judge's judicial assistant. That would explain his absence from the hearing.
Finally, with respect to the failure to appear at the calendar call, appellant's counsel stated that he called the day before to advise the court of a conflict and left a message on the answer machine, requesting a telephone call to work out the conflict he had, namely being required to appear in two courts in different cities at the same time.
Since the language of the pretrial order is discretionary as to whether dismissal for failure to appear at docket call will result in dismissal (the order states that failure to appear "may" result in dismissal), and the other derelictions appear to have reasonable *770 explanations of record, I think the court abused its discretion by dismissing this case without a hearing to allow appellant to give further explanation.
Calendar call is important to the trial judge to set the calendar for the trial week. By determining who is ready, what potential problems remain, and what conflicts exist as to various days of the trial calendar, the judge is able to get the maximum number of cases tried. If the lawyer fails to appear, then he/she has no right to complain as to any aspect of the trial setting assigned to that particular case, and that attorney should be prepared to try the case whenever it is set by the court. If the lawyer has problems getting witnesses there or has a conflict on the date the trial is set to begin, I would have no sympathy for those problems which could have been avoided by attendance at calendar call. But dismissal with prejudice at calendar call without ascertaining whether the failure to appear was a willful disregard of the order is an abuse of discretion.
Judge Stone quotes Judge Goshorn's dissent in Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993), and I generally agree with the sentiments expressed therein. However, in Kelley the offending attorney was given the opportunity to explain himself at a hearing. I do not equate a motion for rehearing made after the court has already imposed the severe sanction of dismissal as fulfilling the opportunity to be heard prior to the dismissal of the case.