656 So.2d 527 (1995)
Liddy Ann HEATH, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2264.
District Court of Appeal of Florida, First District.
May 31, 1995.
Nancy A. Daniels, Public Defender and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant raises two issues regarding the sentences imposed upon her: (1) whether the trial court erred when it used two sentencing guidelines scoresheets, one for offenses committed in 1993, and another for offenses committed in 1994; and (2) whether the sentences imposed constituted departures from the sentencing guidelines, and improperly deprived appellant of gain time. We affirm as to the first issue, but reverse as to the second.
We conclude that the trial court did not err when it used two guidelines scoresheets, one for offenses committed in 1993, and another for offenses committed in 1994. See § 921.001(4)(b)1 ("The guidelines enacted effective October 1, 1983, apply to all felonies, except capital felonies, committed on or after October 1, 1983, and before January 1, 1994") & 2 ("The 1994 guidelines apply to sentencing for all felonies, except capital felonies, committed on or after January 1, 1994"), Fla. Stat. (Supp. 1994); art. X, § 9, Fla. Const. ("Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed").
However, as the state correctly concedes, the attorneys and the trial court apparently confused the offenses committed in each year, resulting in an inadvertent departure sentence with regard to both the 1993 and the 1994 offenses. Because the legislature has abolished basic gain time for offenses committed on or after January 1, 1994 (§ 944.275(6)(a), Fla. Stat. (1993)), this error has resulted in harm to appellant. Accordingly, we vacate appellant's sentences, and remand for correction. Appellant need not be present for resentencing.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MICKLE and LAWRENCE, JJ., concur.