658 So.2d 1180 (1995)
Chrystal Adams NIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01044.
District Court of Appeal of Florida, Second District.
August 9, 1995.
PER CURIAM.
Chrystal Nixon appeals the denial of her motion for mitigation and/or reduction of sentence. We note at the outset that motions brought under Florida Rule of Criminal Procedure 3.800(b) are largely within the discretion of the trial court and are non-appealable. Gaston v. State, 613 So.2d 496, 497 (Fla. 2d DCA 1993). With regard to her 1994 conviction for welfare fraud, however, Nixon raises an allegation cognizable under Florida Rule of Criminal Procedure 3.800(a) and, to this extent, we reverse and remand for the trial court to consider whether relief is warranted under that rule.
Specifically, on December 27, 1994, Nixon pleaded guilty to welfare fraud and was sentenced to 4 1/2 years in prison. She now contends that that conviction stems from an offense committed in 1992-1993 and, as such, she has been improperly denied the basic gain time applicable to offenses committed before January 1, 1994. See § 944.275(6)(a), Fla. Stat. (1993); Heath v. State, 656 So.2d 527 (Fla. 1st DCA 1995). On remand, the court should consider this allegation and, if summary denial is proper, attach those portions of the case file and record which refute Nixon's claim.
FRANK, A.C.J., and PARKER and LAZZARA, JJ., concur.