PER CURIAM.
We reverse a judgment awarding attorney’s fees following an ex parte hearing, concluding that it was an abuse of discretion to deny the former husband/appellant’s motion for rehearing under the circumstances presented to the trial court. See Lahti v. Porn, 624 So.2d 765 (Fla. 4th DCA 1993); Linthicum v. Berry, 532 So.2d 97 (Fla. 1st DCA 1988); Marx v. Redd, 368 So.2d 101 (Fla. 4th DCA 1979); Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971).
The facts set out in Appellant’s verified motion for rehearing are undisputed. Appellant’s counsel appeared for an evidentiary hearing on attorney’s fees, scheduled for 10:30 a.m., on time by his watch. The court clock, however, indicated that he was a few, between two and five, minutes late. Counsel was advised that the hearing had been conducted and concluded in his absence. Although opposing counsel indicated a willingness to cooperate, and although at least twenty-five of the allotted thirty minutes remained, the trial court declined to reopen the ease and advised counsel to file a motion.
We recognize that the trial court has considerable discretion in weighing a motion for rehearing where a party has failed to appear and defend. However, here, Appellant was deprived of an opportunity to be heard and defend against Appellee’s unliqui-dated claims notwithstanding a patently reasonable explanation for counsel’s tardy appearance. There is no indication of prejudice. Therefore, if it is necessary for sanctions to be imposed to insure the orderly administration of the court, they should be such as to punish counsel and not the client. E.g., Lahti, 624 So.2d at 766. We also note that there is no allegation here of willful misconduct.
Therefore, the judgment is reversed and we remand for an evidentiary hearing on the attorney’s fees issues.
GUNTHER, C.J., and STONE and FARMER, JJ., concur.