PER CURIAM.
We sua sponte consolidate case nos. 95-1479 and 95-1483.
This consolidated appeal stems from a suit filed by the Levines against First American Bank and Trust (FABT) seeking $300,000 in damages for breach of a 1987 deed in lieu of foreclosure agreement entered by the Le-vines and FABT regarding three separate properties: (1) an improved lot; (2) an unimproved lot; and (3) the Oakbrook Circle residence. The complaint was amended to add a claim for equitable lien and constructive trust on proceeds of the sale of the Oakbrook Circle property. Subsequently, the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver for FABT and substituted as a party in this ease. The FDIC counterclaimed alleging repudiation of the 1987 agreement and sought recovery for the Levines’ use and occupancy of the Oakbrook Circle residence.
The trial court’s final judgment determined that the FDIC had the right to repudiate the 1987 agreement pursuant to 12 U.S.C. section 1821(e); granted the FDIC possession of the Oakbrook Circle residence; required the Levines to pay the FDIC for use and occupancy of the Oakbrook Circle residence; and awarded the Levines a $300,-000 unsecured claim against the receivership estate for failure of the Bank to pay portions of the sale price for the two lots. The Le-vines appealed the final judgment on the award to the FDIC, and the FDIC cross-appealed the $300,000 award to the Levines, but later voluntarily dismissed its cross-ap *746 peal. Therefore, the $300,000 award to the Levines became final. On the main appeal, this court reversed and held that the statutory repudiation provisions of 12 U.S.C. section 1821(e) were not available to the FDIC with respect to the 1987 agreement. Levine v. F.D.I.C., 651 So.2d 134 (Fla. 4th DCA), rev. denied, 660 So.2d 713 (Fla.1995).
In case no. 95-1483, the trial court later entered two non-final orders: an April 19, 1995 order directing the FDIC to release monies held in escrow to the Levines and an April 27, 1995 order denying the FDIC’s motion to stay the effect of the April 19,1995 order or to extend time to comply. We affirm these orders. The FDIC voluntarily dismissed its cross-appeal of the award of $300,000 to the Levines. Therefore, the trial court properly ordered the FDIC to release the funds. Moreover, the supreme court has denied the FDIC’s petition for review of the main appeal. See F.D.I.C. v. Levine, 660 So.2d 713 (Fla.1995).
In case no. 93-1479, we affirm the finding of contempt against the FDIC. However, we reverse that part of the trial court’s order imposing sanctions against the FDIC’s counsel. No basis for contempt against counsel existed because the FDIC’s counsel had not refused to comply with the court’s order. The trial court also erred in imposing sanctions without affording the FDIC’s counsel an opportunity to be heard and to offer mitigating or extenuating evidence. See Lahti v. Porn, 624 So.2d 765 (Fla. 4th DCA 1993); Kuechenberg v. Creative Interiors, Inc., 424 So.2d 145 (Fla. 4th DCA 1982); Insua v. World Wide Air, Inc., 582 So.2d 102 (Fla. 2d DCA 1991).
AFFIRMED IN PART and REVERSED IN PART.
GUNTHER, C.J., and DELL and POLEN, JJ., concur.