GOSHORN, Judge.
Andrew Stilwell appeals the summary final judgment in favor of Stilwell-Southern Walls, Inc. (SSW) which was rendered after the trial court struck Stilwell’s pleadings as a sanction for his failure to comply with an order compelling discovery. Stilwell argues that under the facts of this ease, the trial court abused its discretion in striking his pleadings as a sanction. We agree.
We note at the outset that the delay in this case is not entirely attributable to Stilwell. In any event, after the trial was finally scheduled to begin in January, 1997, SSW attempted discovery. Before Stilwell had complied with the request, Stilwell’s attorney withdrew. On December 12, SSW filed a motion to compel discovery. The court granted the motion and ordered Stilwell to file his answers to interrogatories and produce the requested documents by January 15,1997.
Eighty-six-year-old Stilwell, acting without an attorney, moved for a continuance on December 31 on the basis that his wife was in ill health and had recently been hospitalized. Additionally, Stilwell was himself scheduled for cataract surgery on January 8, as evidenced by a letter from his doctor, which letter also stated Stilwell was unable to travel for medical reasons. Stilwell’s motion states that because of those circumstances, he had been unable to comply with the discovery deadline and would be unable to attend mediation. Stilwell asked the court “to continue the trial and the discovery deadlines for a period of ninety days.” The motion was unopposed. On January 14, 1997, the trial court granted the continuance and rescheduled trial to April 21. The order is silent with respect to the request to continue the discovery deadlines, other than its blanket statement that the motion was granted. Stil-well, still unrepresented by counsel, argued that he interpreted the order as giving him a ninety-day extension on the discovery deadlines.
On February 24, 1997, SSW moved for sanctions and for summary judgment for Stilwell’s failure to comply with the discovery order. At the hearing, SSW pointed out that per the court’s pretrial order, pretrial statements were due two weeks from the date of the hearing and asserted it was prejudiced by the lack of a response to its discovery request; SSW could not prepare a pretrial *105 statement without knowing the answers to its discovery requests. Stilwell’s attorney, who filed a notice of appearance the day of the hearing, informed the court that Stilwell’s wife of 60 years had died in February on the very morning that Stilwell and he were to have met to discuss the discovery responses. Unmoved, the trial court ruled in favor of SSW, finding that Stilwell had ignored the court’s orders and had taken advantage of the court. It struck Stilwell’s pleadings and entered summary judgment against Stilwell.
Stilwell had no previous discovery violations and the factual circumstances of surgery, illness, and death, together with the ambiguous language of the order granting Stilwell’s motion for continuance, all show Stilwell’s failure to comply was something short of the willful regard, deliberate callousness, or bad faith required to support the severe sanction of striking a party’s pleadings. See Mercer v. Raine, 443 So.2d 944 (Fla.1983); Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993). The trial court’s authority to impose sanctions for failure to comply with a pretrial order “is not unbridled; the sanction imposed must be commensurate with the offense.” Id. at 920 (citing Insua v. World Wide Air, Inc., 582 So.2d 102 (Fla. 2d DCA 1991)). A reasonable accommodation would have been a second continuation of the trial and the imposition of less severe sanctions. As frustrated as SSW was by the delay, Stilwell’s interpretation of the court’s order granting continuance was reasonable. That, plus Stilwell’s compelling • personal circumstances, do not demonstrate the contemptuous attitude that must exist as a prerequisite to imposition of this most severe sanction.
The order striking Stilwell’s pleadings and the subsequent summary judgment order are hereby set aside and the cause remanded for further proceedings.
REVERSED and REMANDED for further proceedings.
PETERSON and THOMPSON, JJ., concur.