# Third District Court of Appeal
## State of Florida

Opinion filed January 7, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0308
Lower Tribunal No. 21-22503-CC-26
_____


**Norka Rodriguez,**
Appellant,

vs.

**Bryant Permit Service, et al.,**
Appellees.


An Appeal from the County Court for Miami-Dade County, Christopher Green, Judge.

Joey Gonzalez, Attorney, P.A., and Joey D. Gonzalez, for appellant.

Nancy T. Bryant, in proper person.

Before EMAS, LOBREE and GOODEN, JJ.

EMAS, J.

**INTRODUCTION**

Norka Rodriguez appeals an order dismissing, without prejudice[1], her complaint against Bryant Permit Service and Nancy T. Bryant. For the reasons that follow, we reverse the order of dismissal and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2019, Rodriguez hired Bryant Permit Service to perform services for two portions of her property (a bathroom and pool) to meet the permitting and building requirements of Miami-Dade County's building code. Rodriguez, alleging that the services were not performed as agreed, filed suit against Bryant Permit Service and Nancy T. Bryant (collectively, "Bryant") for breach of contract and, alternatively, violation of Florida's Deceptive and Unfair Trade Practices Act.

---

[1] We note that, ordinarily, an order of dismissal without prejudice is a nonfinal, nonappealable order. See Gries Inv. Co. v. Chelton, 388 So. 2d 1281 (Fla. 3d DCA 1980). However, because the statute of limitations on Rodriguez's claims had run by the time the dismissal order was entered, preventing Rodriguez from refiling the action, the dismissal is final and appealable. See Walden v. Adekola, 773 So. 2d 1218 (Fla. 3d DCA 2000); Martinez v. Collier Cnty. Pub. Schs., 804 So. 2d 559, 560 (Fla. 1st DCA 2002) (citing Walden for the proposition that "where the statute of limitations has run, a dismissal without prejudice operates as a dismissal with prejudice.").

When Bryant failed to file a response to the complaint, Rodriguez moved for entry of default. Default was entered against both defendants. Thereafter, Bryant filed a motion to set aside the default. The trial court did not rule on this motion, but later entered an order requiring Bryant Permit Service (the company) to obtain counsel within thirty days from March 28, 2022.[2] It appears from the record before us that Bryant Permit Service failed to comply with this order and, on February 16, 2023, the trial court entered an order noting that because Bryant Permit Service had failed to obtain counsel as ordered, "a Default remains as to Defendant Bryant Permit Service."

Rodriguez moved for summary judgment on February 2, 2023. Thereafter, her attorney filed a motion, seeking a case management conference to extend the case management order deadlines. That hearing was held on October 2, 2023. The memo of disposition from this hearing indicates: "Default entered already; [Plaintiff] will amend CMO [Case Management Order] and will set MSJ [Motion for Summary Judgment] for hrg."

---

[2] See Pomales v. Aklipse Asset Mgmt., Inc., 336 So. 3d 785, 786 (Fla. 3d DCA 2022) (reaffirming: "It is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney." (citations omitted)).

No record activity took place for several months. On June 2, 2024, Rodriguez moved to extend the case management order deadlines. On September 5, 2024, the court entered an "Order to Take Action Based on Eligibility for Default Final Judgment" against Bryant Permit Service. The order indicated that Rodriguez had thirty days to move for entry of default final judgment against Bryant Permit Service and that "[f]ailure to comply with this order shall result in dismissal of this case without further hearing." The court also entered a jury trial order. In this order, the court indicated the parties were to attend calendar call on February 12, 2025.

When Rodriguez failed to file a motion, the trial court dismissed her complaint without prejudice[3] on January 15, 2025. The court denied Rodriguez's motion for rehearing and this appeal followed.

## ANALYSIS AND DISCUSSION

Although we apply an abuse of discretion standard to review an order dismissing a complaint for failure to comply with a court order, such action "is the most severe of all sanctions and should be employed only in extreme circumstances." Diaz v. Bushong, 619 So. 2d 1020, 1021 (Fla. 3d DCA

---

[3] As indicated in note 1 supra, although the trial court's order dismissed the complaint "without prejudice," Rodriguez was barred by the statute of limitations from refiling her complaint, thus rendering the order on review a dismissal with prejudice.

1993);  Lahti v. Porn, 624 So. 2d 765, 766 (Fla. 4th DCA 1993) ("Dismissal of a case should be used sparingly and reserved to those instances where the conduct is willful.").

In the instant case, the trial court failed to make any finding of willful noncompliance, and Rodriguez's attorney alleged in her motion that the failure to comply with the trial court's order was due to mistake and/or excusable neglect: counsel for Rodriguez believed that all outstanding issues (including a request for hearing on her motion for summary judgment) would be addressed during the calendar call which the court had previously scheduled for February 12, 2025.  The trial court's failure to make any finding of willful noncompliance compels reversal under these circumstances.  See Zaccaria v. Russell, 700 So. 2d 187, 188 (Fla. 4th DCA 1997) (trial court's "[f]ailure to include a recitation of a finding of willful noncompliance in the order requires reversal."); Taylor v. City of Lake Worth, 125 So. 3d 267 (Fla. 4th DCA 2013); Townsend v. Feinberg, 659 So. 2d 1218, 1219 (Fla. 4th DCA 1995) (holding that although "magic words" are not required, where the record contains nothing to suggest that appellant willfully failed to comply with court orders, reversal is required).

In the instant case, there was a single failure to comply with the court's order directing counsel for Rodriguez to move for entry of default final

5

judgment against Bryant Permit Service, coupled with counsel's explanation that such failure was the result of mistake, inexperience or excusable neglect.  Where a single failure to comply "may be fairly described as being due to mistake, inadvertence or excusable neglect," a trial court's dismissal has been found to be an abuse of discretion." English v. Hecht, 189 So. 2d 366, 366 (Fla. 3d DCA 1966); see Lahti, 624 So. 2d at 766 (reversing a dismissal where record reflected that attorney provided trial court with an explanation for his failure to appear at scheduling conference: "The trial court has many alternatives to secure proper respect for and compliance with its orders including the imposition of costs or attorney's fees. The failure of appellant's counsel to attend the scheduling conference should not serve as a basis upon which to punish the appellant.").

We sympathize with the trial court's dilemma and acknowledge the trial court's need (indeed, its responsibility) to enforce its own orders.  As our sister court lamented in Lahti:

> Trial judges find it difficult to manage and dispose of their increasing caseloads. Conscientious trial attorneys are also frustrated when forced to confront an adversary who fails to devote the time and effort required to represent their client in a professional manner. Although the trial court's decision is understandable, we hold that dismissal of appellant's claim with prejudice was error.

Id.

6

And though Rodriguez's attorney did violate the court's order requiring him to file a motion for default final judgment within thirty days of September 5, 2024, and warning that the failure to do so would result in dismissal, Rodriguez's counsel explained in the motion for rehearing that he believed the trial court had entered the September 5 order in error (because a default had already been entered against Bryan Permit Service)[4] and that any confusion would be cleared up at the upcoming February 12, 2025 case management conference.

In addition, where the order of dismissal without prejudice is in reality a dismissal **with** prejudice (as in the instant case), we must balance the trial court's exercise of discretion for the failings of counsel against the consequences of a dismissal order that sounds the death knell of the client's cause of action. A court "must weigh the severity and prejudicial effects of counsel's actions against the loss to appellant of her cause of action." Lahti, 624 So. 2d at 766. See also American Exp. Co. v. Hickey, 869 So. 2d 694, 694 (Fla. 5th DCA 2004) ("[W]hile we recognize that the trial court has the discretionary power to dismiss a complaint if the plaintiff fails to timely file an

---

[4] It appears that Rodriguez's counsel misapprehended the difference between a default (which the trial court had entered for defendants' failure to respond to the complaint) and a default final judgment (which had not yet been entered).

7

amendment or a party fails to meet some other filing deadline, that power must be used cautiously because 'to dismiss a case based solely on the attorney's neglect unduly punishes the litigant.'") (quoting Kozel v. Ostendorf, 629 So. 2d 817, 818 (Fla. 1994)); Hastings v. Estate of Hastings, 960 So. 2d 798, 801 (Fla. 3d DCA 2007) (noting: "As the Florida Supreme Court in Kozel made clear, where missed filing deadlines are concerned, dismissal with prejudice should not be imposed as a sanction unless the lawyer or party has acted in a willful, deliberate, or contumacious manner rather than negligently or for inexperience; a previous sanction has been imposed; a party has been personally involved in an act of disobedience; the delay has prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; no reasonable justification for noncompliance exists; and, the delay has created significant problems of judicial administration.").

A review of the Kozel factors lends further support to our conclusion that reversal of the dismissal order is warranted: the trial court made no finding of willfulness (nor does the record suggest such a characterization); no prior sanction was imposed on counsel for Rodriguez; there is no suggestion that Rodriguez herself was involved in her counsel's failure to comply; there is no suggestion of prejudice to Bryant; and no finding or showing that the delay created "significant problems of judicial

8

administration." <u>Kozel</u>, 629 So. 2d at 818; <u>see also</u> <u>Michalak v. Ryder Truck Rental, Inc.</u>, 923 So. 2d 1277 (Fla. 4th DCA 2006) (reversing and remanding where trial court failed to consider the <u>Kozel</u> factors).

We conclude that, under the circumstances presented, the failure of Rodriguez's attorney to comply with the deadline set by the trial court should not result in the severest of all sanctions. <u>Compare</u> <u>Lahti</u>, 624 So. 2d at 766 (holding that although court order warned that a failure to comply would result in dismissal, the trial court nonetheless abused its discretion in dismissing the complaint because the party was represented by counsel) <u>with</u> <u>Buckley v. Rubino</u>, 406 So. 3d 968, 970 (Fla. 3d DCA 2025) (reaching the opposite result where sanctioned party was pro se; in such an instance, which involved the pro se party's own failure to comply, "it is logical that he or she should suffer the consequences.").[5] <u>See also</u> <u>Bank One, N.A. v. Harrod</u>, 873 So. 2d 519, 521 (Fla. 4th DCA 2004) (noting that this <u>Kozel</u> factor—the client being at least partially at fault—"has been interpreted by [the Fourth DCA]

---

[5] There are at least three aspects of <u>Buckley</u> that render it inapposite to the instant case: First, Buckley was proceeding pro se in the trial court, whereas here, Rodriguez was represented by counsel. Second, the trial court "provided Buckley with multiple opportunities to amend his complaint over a period of ten months." <u>Id.</u> In this case, there was a single court order that Rodriguez's counsel failed to comply with. Third, the trial court in <u>Buckley</u> made an express finding "that his noncompliance was indeed willful," while no such finding was made by the trial court in the instant case.

as a 'super factor' which must be present in every case before a dismissal with prejudice can occur.").

**CONCLUSION**

We therefore reverse and remand with directions to vacate the dismissal order and for further proceedings.

Reversed and remanded.